STATE of Iowa, Appellee,

v.

James David HALL, Appellant.

No. 55435.

Supreme Court of Iowa.

Jan. 17, 1973.

Reynoldson, Brown & Van Werden, Osceola, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Richard R. Ramsey, Clarke County Atty., for appellee.

Heard before MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

UHLENHOPP, Justice.

The issue in this case is whether refusal to submit to a breath test for intoxication is admissible in evidence when the test itself would not be admissible had it been taken.

Defendant was arrested by a law enforcement officer who claimed that defendant was operating a motor vehicle while under the influence of intoxicants. Without first offering defendant a blood test, the officer requested defendant to take a breath test. Defendant refused.

The county attorney subsequently charged defendant with operating a motor vehicle while under the influence of intoxicating liquor. At trial, defendant objected in various ways to the county attorney's mentioning or introducing evidence of defendant's refusal to take the breath test. Defendant's objections were overruled and the evidence came before the jury, which found him guilty. The trial court sentenced him, and he appealed.

The single issue is whether the refusal to take the test could properly be shown before the jury. Had defendant taken the test, the results could not have been introduced in evidence over his objection. Rodriguez v. Fulton, 190 N.W.2d 417 (Iowa); State v. Hraha, 193 N.W.2d 484 (Iowa); State v. Williams, 201 N.W.

2d 710 (Iowa). We think a rule would be anomalous indeed which would permit introduction of evidence of refusal to take a test when the test itself cannot be shown. We hold that defendant's objections should have been sustained. State v. Green, 254 Iowa 1379, 121 N.W.2d 89 (refusal to take lie detector test inadmissible); Annot., 95 A.L.R.2d 819, 821.

■ Defendant had a right to take manual tests and still refuse a breath test which could not legally be required of him without the prior offer of a blood test. On this issue the State relies on Barnhart v. State, 302 P.2d 793 (Okl.Cr.). But there the defendant himself testified on direct examination about the intoximeter test.

Introduction of evidence of defendant's refusal to take a breath test was undoubtedly prejudicial to him. State v. Green, supra. He is entitled to another trial.

Reversed.