STATE of Iowa, Appellee,

v.

Thomas G. LAW, Appellant.

No. 65045.

Supreme Court of Iowa.

June 17, 1981.

Martha Shepard of Polk County-Des Moines Offender Advocate Office, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and Michael E. Hansen, Asst. County Atty., for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McGIVERIN, LARSON, and SCHULTZ, JJ.

McGIVERIN, Justice.

Defendant Thomas G. Law appeals from his conviction of two counts of first-degree robbery in violation of sections 711.1(2) and .2, The Code 1979. He contends that

the trial court erred in failing to submit assault as a lesser included offense and in overruling his motion for a judgment of acquittal. We affirm.

A trial information charged Law with robbing three Iranian students near a convenience store in Des Moines. Law's codefendant pointed a knife at one of the students. There also was evidence that Law had a knife during the incident. The jury convicted defendant of two counts of first-degree robbery and the court sentenced him.

■ I. *Assault as a lesser included offense.* The information charged three counts of first-degree robbery. The trial court instructed the jury on both first- and second-degree robbery.[1] Before the jury was instructed, Law requested that the court also submit to the jury assault, section 708.1, as an additional lesser included offense. Iowa R.Crim.P. 6(3), 21(3). The court refused. Law's request sufficiently preserved error on the trial court's failure to instruct on that issue. *State v. Rouse,* 290 N.W.2d 911, 913–15 (Iowa 1980); *Wambsgans v. Price,* 274 N.W.2d 362, 365 (Iowa 1979) ("objections to instructions must be specific enough to alert the trial court to the basis for complaint so that, if there is error, it may be corrected before the case goes to the jury"); Iowa R.Civ.P. 196.

■ Our recent cases establish the tests for determining whether an offense is "necessarily included," rule 21(3), in another offense. *State v. Sangster,* 299 N.W.2d 661 (Iowa 1980); *State v. Young,* 293 N.W.2d 5 (Iowa 1980); *State v. Johnson,* 291 N.W.2d 6 (Iowa 1980); *State v. Holmes,* 276 N.W.2d 823 (Iowa 1979). The first step, the legal test, requires an analysis of the elements of the offenses. *Johnson,* 291 N.W.2d at 7. Generally, a lesser offense is included in the greater offense if, in committing the greater offense as defined by statute, a person necessarily commits the minor offense. *Young,* 293 N.W.2d at 7. The second step, the factual test, requires that there be sufficient evidence in the case to warrant submitting the lesser offense to the jury.

■ If the State had prosecuted Law for robbery only under section 711.1(1) (robbery by assault), assault would have been a lesser included offense. This is because section 711.1(1) proscribes robbery where a person "commits an assault upon another." In a prosecution solely under section 711.1(1), therefore, a person could not commit a robbery without necessarily committing an assault.

■ Law, however, was not prosecuted under section 711.1(1). Rather, the State's prosecution was based on section 711.1(2). In determining the elements of the greater offense, we look to the statute defining the greater offense and, if it is defined alternatively, to the alternative involved in the particular prosecution. *Sangster,* 299 N.W.2d at 663. Under the State's theory here, a person commits first-degree robbery if (1) with "intent to commit a theft," (2) the person either [a] "threatens another with ... immediate serious injury," or [b] "purposely puts another in fear of immediate serious injury," (3) "to assist or further

---

1. Section 711.1 provides:
   A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
   1. Commits an assault upon another.
   2. Threatens another with or purposely puts another in fear of immediate serious injury.
   3. Threatens to commit immediately any forcible felony.
   It is immaterial to the question of guilt or innocence of robbery that property was or was not actually stolen.

   Section 711.2 provides:
   A person commits robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon. Robbery in the first degree is a class "B" felony.
   Section 711.3 provides:
   All robbery which is not robbery in the first degree is robbery in the second degree. Robbery in the second degree is a class "C" felony.

commission of the intended theft or the person's escape from the scene thereof with or without the stolen property," and (4) "while perpetrating a robbery, the person . . . is armed with a dangerous weapon." §§ 711.1(2), .2.

Once the elements of the greater offense involved in the prosecution are established, we must determine if, in committing it, a person would necessarily commit the minor offense in any of its alternative forms. *Sangster*, 299 N.W.2d at 664. Under section 708.1, a person commits an assault when "without justification, the person does" either (1) "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act," or (2) "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act," or (3) "[i]ntentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another." § 708.1 (1)–(3); *Young*, 293 N.W.2d at 7. The question before us therefore is whether in a prosecution for robbery under section 711.1(2), assault in any of its alternatives is necessarily a lesser included offense.

The assault statute proscribes the traditional "attempted battery" type of assault, section 708.1(1), and also proscribes the "acts intended to place another in fear" or tort type of assault. W. LaFave & A. Scott, *Criminal Law* § 82 (1972); 4 J. Yeager & R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 172 (1979); § 708.1(2). It is the latter type that could occur when a robbery is committed by threats or purposely placing another in fear.

■ One way to commit robbery under section 711.1(2) is to "[threaten] another with . . . immediate serious injury." We conclude that a person who threatens another with serious injury does not "necessarily" commit an assault.

The legislature's use of the word "threaten" was intended to cover verbal or other express offers of harm. *See State v. Jackson*, 305 N.W.2d 420, 422 (Iowa 1981); *Model Penal Code and Commentaries*, § 222.1 at 109 (1980). The State must prove only that a threat was made to establish this element of robbery.

However, by threatening another with immediate serious injury, an assault is not necessarily committed. A mere threat, without more, is not necessarily an assault by placing another in fear. W. LaFave & A. Scott, *supra* § 82 at 612 (but recognizing that in certain situations threatening words alone may be an assault); Restatement (Second) of Torts § 31 (1965); Dunahoo, *The New Iowa Criminal Code: Part II*, 29 Drake L.Rev. 491, 498 (1980).

■ Having decided that robbery by threatening another under section 711.1(2) does not necessarily include an assault, our analysis of section 711.1(2) is completed under Iowa lesser included offense law. It could be argued that the other way of committing robbery under section 711.1(2)—by purposely putting another in fear of serious injury—includes an assault. *See Model Penal Code, supra* (to purposely put another in fear includes "menacing or other implied threat sought to be communicated to the victim by the actor's conduct"). That is not the issue here. Where the offense being prosecuted (section 711.1(2)) may be committed in alternative ways, and one alternative clearly does not involve the lesser offense, the lesser offense is not necessarily included in the greater. *State v. Stewart*, 223 N.W.2d 250 (Iowa 1974), *cert. denied*, 423 U.S. 902, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975) (since manslaughter may be committed by either reckless driving or driving while intoxicated, reckless driving not a necessarily included offense); Dunahoo, *supra* at 318 (under Iowa law, it "is irrelevant that the greater crime includes the lesser crime as one of its alternative ways of being committed").

As previously stated, the legislature obviously intended assault to be an included offense in a robbery prosecution solely un-

der the alternative in section 711.1(1). However, the second and third alternative definitions of robbery in subsections 711.-1(2) and (3) involve threats by the perpetrator. Because a mere threat is not necessarily an assault, it appears the legislative intent was not to define assault as an included offense under the alternative definitions of robbery in subsections 711.1(2) and (3).

To complete our analysis, we must consider whether assault is necessarily committed during a first-degree robbery "while armed." § 711.2. In Law's case, the State had to prove that he or his codefendant was armed with a dangerous weapon. We conclude that a person who commits a robbery while armed does not necessarily commit an assault. A person commits an assault if he "[i]ntentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another." § 708.1(3). A person who is "armed" under the robbery statute would not necessarily be pointing a firearm or displaying a dangerous weapon in a threatening manner.

Under our analysis, the trial court did not err in failing to instruct on assault as a lesser included offense in a prosecution for robbery under section 711.1(2).

II. *Sufficiency of the evidence.* Law claims that the court erred in overruling his motion for judgment of acquittal. Iowa R.Crim.P. 18(10). Our review is guided by principles stated in *State v. Holderness*, 293 N.W.2d 226, 235 (Iowa 1980); *State v. Jones*, 289 N.W.2d 597, 600 (Iowa 1980); and *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980). We conclude that a rational jury could find Law guilty of first-degree robbery on the evidence presented.

The convictions are affirmed.

AFFIRMED.