**STATE of Iowa, Appellee,**

v.

**Bryan Kent LAMPMAN, Appellant.**

No. 83–707.

Supreme Court of Iowa.

March 14, 1984.

James C. Dunbar of Dunbar, Dunbar & Whalen, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and James C. Bauch, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

SCHULTZ, Justice.

The issue in this appeal is what, if any, offenses are lesser and included when a defendant is charged with committing a sex act with a child under the age of twelve in

violation of Iowa Code section 709.3(2) (1981) (all subsequent citations are to the 1981 Code). The trial court instructed the jury on the offense of sexual abuse in the second degree but refused defendant's request for an instruction on assault[1] and sexual abuse in the third degree.[2] The trial court entered judgment and sentence on second degree sexual abuse based on the jury's finding of guilt. We affirm.

Evidence presented by the State showed that the defendant, Bryan Kent Lampman, a friend of the victim's family, was living in their home on September 12, 1982. The mother of the victim testified that defendant and her eight-year-old son were in bed together on that night. The son testified that defendant had oral sex with him. This testimony was corroborated by other statements made to various individuals by both the victim and defendant. Defendant did not present any evidence.

A defendant may be found guilty of either the offense charged or any other offense the commission of which is necessarily included in the designated crime. Iowa R.Crim.P. 21(3). Accordingly, the trial court is required to instruct the jury both as to the offense charged and all lesser and included offenses. Iowa R.Crim.P. 6(3).

In determining what offenses are lesser and included, we have developed a factual and legal test for the trial courts to apply. *State v. Sangster*, 299 N.W.2d 661, 663 (Iowa 1980). For an affirmative finding of an included offense, both tests must be satisfied. *Id.*

The legal or element test requires the lesser offense to be composed solely of some but not all of the elements of the greater offenses. *Id.* Thus the lesser offense is necessarily included in the greater offense if the greater offense cannot be committed without also committing the lesser. *State v. Redmon*, 244 N.W.2d 792, 801 (Iowa 1976). Conversely, if the lesser offense contains an element that is not part of the greater offense, the lesser cannot be included in the greater. *Sangster*, 299 N.W.2d at 663.

The factual test requires the court to determine whether there is a sufficient factual basis in the record for submitting the included offense. *Id.*

Applying these principles to the present case, we conclude the trial court correctly refused to instruct on assault and sexual abuse in the third degree. In reaching this result, we only consider the legal test since neither of the alleged included offenses meet the element requirements.

Sexual abuse in the second degree may be committed by engaging in sexual abuse in three different circumstances;[3] however, we are only concerned with the non-forcible method of sexual abuse specified in subsection two where the other participant is under the age of twelve. Sexual abuse is defined in section 709.1[4] and includes any sex act with a participant who is a child. Child is any person under fourteen years of age. § 702.5. A sex act includes contact between the mouth and genitalia of two persons. § 702.17. Construing these various sections together, the elements of sexual abuse in the second degree (as charged here) are: (1) defendant performed a sex act; (2) the other participant was less than twelve years old.

In contrast, sexual abuse in the third degree in violation of section 709.4 provides

---

1. Iowa Code § 708.2 (simple assault).

2. Iowa Code § 709.4(3) (a sex act with a child under the age of fourteen).

3. A person commits sexual abuse in the second degree when the person commits sexual abuse under any of the following circumstances:

1. During the commission of sexual abuse the person displays in a threatening manner a deadly weapon, or uses or threatens to use force creating a substantial risk of death or serious injury to any person.

2. The other participant is under the age of twelve.

3. The person is aided or abetted by one or more persons and the sex act is committed by force or against the will of the other participant.

Sexual abuse in the second degree is a class "B" felony. § 709.3.

4. Any sex act between persons is sexual abuse by either of the participants when the act is performed with the other participant in any of the following circumstances....

3. [s]uch other participant is a child.

an expanded definition of sexual abuse.[5] In particular, the provision requiring a sex act between persons other than cohabiting spouses is not found in the definition of sexual abuse in section 709.1. Thus, we must decide whether this is an additional element of proof that is not required in the other two degrees of sexual abuse.

By its use of clear and specific language in the first sentence of section 709.4, we conclude the legislature intentionally added another element to the crime of third degree sexual abuse that is not utilized in the crimes of sexual abuse in the first or second degree. As two authors have observed in assessing Iowa statutory scheme on the crime of sexual abuse:

Initially it should be noted that § 709.4 does not establish a third degree of the offense defined in § 709.1. It defines third degree sexual abuse independently of that section. This was not so in the original bill, but § 709.4 has been amended so extensively that it only superficially resembles the original. As a result, section 709.4 appears not to be an offense which is included in § 709.1, since some facts must be proved to establish a violation of § 709.4 which are irrelevant to §§ 709.1–709.3. These additional facts are obvious in subsections 4 and 5, both of which deal with matters not at all mentioned in § 709.1. Subsection 1–3 of § 709.4 corresponds to subsection 1–3 of § 709.1. . . . However even as to these subsections, the *additional fact must be proved, that the parties to the sexual act were not cohabiting as husband and wife.*

4 J. Yeager & R. Carlson, Iowa Practice § 210 (1979). (Emphasis added.) Although

the issue has not been squarely before us, we have indicated that the offense of sexual abuse in the third degree includes proof that the defendant was not living with the victim as husband and wife. *State v. Spaulding,* 313 N.W.2d 878, 882 (Iowa 1981); *State v. Tague,* 310 N.W.2d 209, 212 (Iowa 1981); *State v. Johnson,* 291 N.W.2d 6, 8 (Iowa 1980); *cf. State v. Cobb,* 311 N.W.2d 64, 66–67 (Iowa 1981) (without rejecting the defendant's argument that sexual abuse in the third degree under section 709.4 is a separate crime from sexual abuse as defined in section 709.1, it was held that a violation of section 709.4 is a forcible felony by the terms of Iowa Code section 702.11 which defines "*any* sexual abuse as a forcible felony"). (Emphasis added.)

■ Nevertheless, defendant claims that the proof of non-cohabitation with a spouse is not a necessary element in this case since both parties are male and thus incapable of marriage. We cannot agree. The elements of an offense are determined by the statute defining the crime rather than the charge or the evidence. *State v. Wales,* 325 N.W.2d 87, 88 (Iowa 1982); *State v. Sangster,* 299 N.W.2d 661, 663 (Iowa 1981); *State v. Rand,* 268 N.W.2d 642, 646 (Iowa 1978). The plain language in section 709.4 requires the sex act to be between persons not living together as spouses. The lack of a marriage between the participants or the inability to establish such a relationship is an evidentiary matter that does not change the requirements of the statute. We find no merit in defendant's contention.

■ We conclude third degree sexual abuse is not a lesser included offense of second degree sexual abuse since sexual abuse in the third degree contains an ele-

---

**5.** Any sex act between persons who are not at the time cohabiting as husband and wife is sexual abuse in the third degree by a person when the act is performed in any of the following circumstances:

1. Such act is done by force or against the will of the other participant.

2. The other participant is suffering from a mental defect or incapacity which precludes giving consent, or lacks the mental capacity to know the right and wrong of conduct in sexual matters.

3. The other participant is a child.

4. The other participant is fourteen or fifteen years of age and the person is a member of the same household as the other participant, the person is related to the other participant by blood or affinity to the fourth degree, or the person is in a position of authority over the other participant and used this authority to coerce the other participant to submit.

5. The person is six or more years older than the other participant, and that other participant is fourteen or fifteen years of age.

ment not shared by sexual abuse in the second degree.

 We turn now to defendant's contention that assault is an included offense. The crime of assault is defined in Iowa Code section 708.1.[6] We recently held in *State v. Tague*, 310 N.W.2d 209 (Iowa 1981), that assault is not a lesser included offense of the crime of sexual abuse in the third degree when the charge is based on sexual abuse of a child. Specifically, we reasoned that assault requires proof of intent to either cause pain or injury or other offensive contact or fear of such contact while sexual abuse of a child requires no similar proof of intent since it is a strict liability offense. *Id.;* 310 N.W.2d at 213. We find *Tague* controlling here and do not wish to abandon its determination.

In sum, neither assault nor third degree sexual abuse were lesser included offenses of the crime of sexual abuse in the second degree, and the trial court correctly refused defendant's request for instructions on these offenses. Accordingly, we affirm.

AFFIRMED.

---

6. A person commits an assualt when, without justification, the person does any of the following: 1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act. 2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act....