STATE of Iowa, Plaintiff–Appellee,

v.

Roger Lee PETTYJOHN,
Defendant–Appellant.

No. 87–953.

Court of Appeals of Iowa.

Nov. 29, 1988.

As Corrected Feb. 10, 1989.

Raymond Rogers, Acting Chief Appellate Defender, and James R. Huff, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Mark J. Zbieroski, Asst. Atty. Gen., Annette J. Scieszinksi, Monroe County Atty., and William S. Owens, Asst. Monroe County Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

HABHAB, Judge.

The defendant was the driver of one of the cars in a two-car crash that resulted in the death of the other driver. The defendant was charged with both OWI and homicide by vehicle. A jury found him guilty of both offenses, and the trial court sentenced him to one year incarceration for OWI and five years for homicide by vehicle, the sentences to run concurrently.

On appeal, the defendant assigns error to the trial court on three grounds. Our review is, therefore, on assigned errors of law. The decisions by the trial court will be upheld if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

■ I. The defendant's first contention is that the trial court erred when it overruled his motion for a mistrial after two of State's witnesses used the word "reckless" in their testimony. Prior to trial, the district court had granted the defendant's motion to prevent witnesses from using the word "reckless" because recklessness is one of the elements of homicide by vehicle. Despite the prosecutor's apparent compliance with this ruling, two witnesses referred to the defendant's driving as reckless. The defendant made no objection the first time, but moved for a mistrial after the second occurrence.

The district court overruled that motion but ordered the testimony in question stricken from the record and instructed the jury to disregard it. The defendant now argues that these corrective measures did not suffice, that the testimony about "reckless driving" created indelible prejudice in the jurors' minds, and that the trial court abused its discretion by refusing to grant a mistrial.

We find that the witnesses' unsolicited reference to the defendant's "reckless" driving was cured by the trial court's prompt admonition to the jury to disregard the witnesses' opinion. The trial court carefully considered the effect of the statement on the jury and concluded that the defendant was not denied a fair trial. The ruling was reasonable in light of the record and did not constitute an abuse of the trial court's discretion.

■ II. The defendant next urges that the trial court erred in denying his motion to suppress evidence of his refusal, under section 321J.6, to take a blood or urine test after the accident. Subsequent to that refusal, blood was taken from him pursuant to an oral search warrant under section 321J.10 of the Code.

The trial court, after ruling that a procedural error under section 321J.10 invalidated the search warrant, granted the defendant's motion to suppress the results of the blood test. The court, however, denied defendant's motion to suppress evidence of his refusal to be tested. He now contends that suppression of the one necessarily triggers suppression of the other. We disagree.

The State argues that a procedural error in the issuing of a warrant under Iowa Code section 321J.10 has no effect on the admissibility of evidence previously acquired under the provisions of the implied consent law. Iowa Code § 321J.6 (1987). In this regard, the defendant admits that the "present issue arose out of the warrant procedure ..., rather than out of the implied consent law...." Moreover, the de-

fendant does not claim there was a flaw in the administration of the section 321J.6 implied consent procedure.

It is agreed that the trial court acted properly when it suppressed the results of the blood tests for there was a failure to comply with section 321J.10. That section in part provides: "1. Refusal to consent to a test under 321J.6 does not prohibit the withdrawal of a specimen for chemical testing pursuant to a search warrant issued in the investigation of a suspected violation of section 707.5 if all of the following grounds exist...." There then follows the various grounds that must exist before the section can be employed; and the procedure that must be followed if a telephonic request is made.

In claiming that the trial court acted properly in suppressing the blood test, the defendant points to the Constitution of the United States and that of the State of Iowa which prohibit unreasonable searches and seizures. U.S. Const. Amend. IV; Iowa Const. Art. 1, Sec. 8. He then argues that where the requesting party and the issuing magistrate fail to comply with the procedures outlined in section 321J.10 and nonetheless take a blood specimen, that the specimen must be suppressed, for unreasonable searches and seizures "mandate a broad application of the exclusionary rule."

The defendant follows through by contending, we presume under the exclusionary rule, that the evidence of his refusal to take the test under section 321J.6 should be excluded because it was tainted by the improperly acquired search warrant. We disagree.

We agree the exclusionary rule excludes evidence obtained by an unreasonable search and seizure. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). But the evidence of defendant's refusal to submit to the blood test was not acquired as a result of an unreasonable search and seizure. That evidence was obtained prior to the taking of the blood. Thus, the exclusionary rule does not apply.

The defendant correctly cites us to two cases where our supreme court held that the evidence of a defendant's refusal to consent is not admissible if the results of the tests are inadmissible. *State v. Jensen*, 216 N.W.2d 369, 372 (Iowa 1974); *State v. Hall*, 203 N.W.2d 375 (Iowa 1973). These cases, however, involve flaws in the procedure for invoking implied consent. *Id.*

The cases cited by the defendant are not applicable here because the defendant's refusal to submit to a blood test was properly acquired pursuant to the procedures outlined in Iowa Code section 321J.6 (1987). The *Jensen* and *Hall* cases hold that where implied consent procedures are properly followed, the refusal to submit to a chemical test is admissible in any criminal action arising out of acts alleged to have been committed while operating a motor vehicle while intoxicated. *State v. Jensen*, 216 N.W.2d at 372; *State v. Hall*, 203 N.W.2d at 375–76. We find no error here.

III. Defendant's last argument is that the trial court committed reversible error by sentencing the defendant on both the conviction for homicide by vehicle and the conviction for the lesser-included offense of operating while intoxicated. The defendant was charged under Count I of the trial information with operating while intoxicated and under Count II with homicide by vehicle. Both charges arose from a single incident. The defendant made timely contentions that he could not be convicted on both charges, as operating while intoxicated is a lesser-included offense of homicide by vehicle. He made these contentions through a motion to dismiss one count of the trial information and through motions for a new trial and in arrest of judgment. These motions were overruled by the trial court.

A person commits the offense of operating while intoxicated if he operates a motor vehicle while under the influence of an alcoholic beverage or drug, or while having an alcohol concentration of .1 or more. Iowa § 321J.2(1) (1987). A person commits the offense of homicide by vehicle if he unintentionally causes the death of another person either by operating a vehicle while intoxicated in violation of Iowa Code section 321J.2 (1987) or by operating a motor

vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property. Iowa Code § 707.6A(1) (1987).

■ Both of these alternatives were included in the charge of homicide by vehicle. The crime of operating while intoxicated thus meets the "elements" test[1] for inclusion as a lesser-included offense under the "operating while intoxicated" definition of homicide by vehicle. It does not meet that test for inclusion under the "recklessness" definition. The record also contains an adequate factual basis to support the charge of operating while intoxicated.

■ The relevant question in the present case is, therefore, whether a lesser offense is included within a greater offense when the greater offense can be proven in either of two alternative ways, and the lesser offense is included under one alternative but not under the other.

At one time, Iowa law held that in this situation, the lesser offense was not included in the greater. *See State v. Law,* 306 N.W.2d 756, 759 (Iowa 1981); *State v. Stergion,* 248 N.W.2d 911, 912–13 (Iowa 1976). However, the Iowa Supreme Court has repudiated this position and has held that the lesser offense is included. *State v. Johnson,* 328 N.W.2d 918, 919–20 (Iowa 1983); *State v. Wales,* 325 N.W.2d 87, 89 (Iowa 1982) (overruling *State v. Law* ).

Pursuant to Iowa Code section 701.9 (1987), a defendant shall not be convicted of both a greater offense and a lesser-included offense. *Id.* That section of the Code provides:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of

guilty of the greater of the offenses only. *Id.*

■ Because operating while intoxicated is a lesser-included offense of homicide by vehicle, the trial court erred in entering judgment against the defendant on both charges. This case falls within the section 701.9 prohibition. We now correct it by vacating the OWI judgment. *See Lamphere v. State,* 348 N.W.2d 212, 218 (Iowa 1984); *see also State v. Davis,* 328 N.W.2d 301, 308 (Iowa 1982). To this extent, the judgment is partially vacated and the case is remanded to district court for appropriate implementing orders. *Id.* We uphold the homicide by vehicle conviction.

Costs are to be taxed to the State.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

DONIELSON, J., concurs.

OXBERGER, C.J., dissents.

OXBERGER, Chief Judge (dissenting).

I respectfully dissent. I would reverse and remand for a new trial. I find *State v. Jensen,* 216 N.W.2d 369, 372 (Iowa 1974) and *State v. Hall,* 203 N.W.2d 375 (Iowa 1973) to be controlling.

The supreme court said in both cases: "We think a rule would be anomalous indeed which would permit introduction of evidence of refusal to take a test when the test itself cannot be shown."

In the case at bar, the blood test results are not admissible because the procedural requirements of section 321J.10 of The Code were not met.

I do not see any reason to say that it is permissible to show evidence of a refusal to take a blood test when the test itself

---

1. The legal or element test requires the lesser offense to be composed solely of some but not all of the elements of the greater offenses. Thus the lesser offense is necessarily included in the greater offense if the greater offense cannot be committed without also committing the lesser. Conversely, if the lesser offense contains an element that is not part of the greater offense, the lesser cannot be included in the greater. *State v. Lampman,* 345 N.W.2d 142, 143 (Iowa 1984) (citations omitted). The factual test, or the former two-prong test, is now established as a matter of law. *State v. Jeffries,* 430 N.W.2d 728 (Iowa 1988).

cannot be shown in an implied consent situation but have a different rule in cases involving oral search warrant.

It appears to me to be equally "anomalous" to have a rule that permits introduction of the evidence of refusal to take a blood test when the blood test itself is not admissible in situations involving oral search warrants.