STATE of Iowa, Appellee,

v.

Christopher H. GREER, Appellant.

No. 88–685.

Supreme Court of Iowa.

April 19, 1989.

William L. Wegman, Public Defender, and Shari Baron, Asst. Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., Mark Campbell, Acting County Atty., and Connie E. Anstey and Jeffrey Neary, Asst. County Attys., for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Defendant, Christopher H. Greer, appeals from his conviction of the offense of willful injury. He contends the district court erred by submitting to the jury the lesser-included offense of assault with intent to inflict serious injury. He contends that the lesser offense was not supported by the evidence and that its submission to the jury prejudiced his claim that no crime had occurred because he had acted in self-defense. Upon consideration of the arguments of the parties, we affirm the judgment of the district court.

Defendant was accused of stabbing another person during a fight arising from a drug transaction. He has at all times asserted that he was acting in self-defense. Defendant was charged, tried, and convicted for the offense of willful injury in violation of Iowa Code section 708.4 (1987). The trial court instructed the jury on the elements of that crime and also submitted for the jury's consideration, as a lesser-included offense, the crime of assault with intent to inflict serious injury in violation of Iowa Code section 708.2(1) (1987). The latter instruction was given over defendant's objection that the lesser offense did not find support in the evidence.

In reviewing the arguments on appeal, we do not pass upon the question of whether the offense of assault with intent to inflict serious injury met the statutory elements test for inclusion as a lesser offense under a charge of willful injury. The parties do not suggest that it did not. The arguments on appeal assume for purposes of the required statutory element analysis that the only dissimilar element which distinguishes the two crimes is the occurrence of serious injury, which must be proved for the greater offense but not for the lesser.

In *State v. Jeffries*, 430 N.W.2d 728 (Iowa 1988), we held that, if there is sufficient evidence to require submission of all of the elements of the greater offense, it necessarily follows that all lesser-included offenses meeting the statutory element criteria must also be submitted. We suggested, however, that this might not be the case "when the defendant stipulates the

dissimilar element of the greater offense." *Id.* at 737. Defendant urges that in the present case there was a total absence of evidence in contradiction of the dissimilar element, *i.e.*, that a serious injury occurred. He argues that, for purposes of negating lesser-included offenses, this circumstance should be viewed in the same light as a stipulation as to the nonexistence of that element. We disagree.

In *Jeffries*, we expressly disapproved the suggestion which had been advanced in *State v. Lampman*, 345 N.W.2d 142, 143 (Iowa 1984), that, if the record "does not contain substantial evidence from some quarter controverting [the dissimilar] element, the State's case stands or falls on the major offense." Defendant's argument asks us, in effect, to restore the *Lampman* standard; this we decline to do.

Although the parties dispute the requisites for a stipulation sufficient to trigger the exception noted in *Jeffries*, it is sufficient, for purposes of rejecting defendant's claim, that no stipulation, whatsoever, was made concerning the presence of the dissimilar element. As guidance for future cases, we suggest that any stipulation relied on for purposes of triggering this exception must serve to establish the presence of the dissimilar element of the greater offense as a matter of law.

■ Defendant also seeks to establish trial court error by reliance on the language in *Jeffries* which indicates "[w]e also retain the rule that a defendant may expressly waive a lesser-included offense instruction." *Jeffries*, 430 N.W.2d at 737. Defendant interprets this language as granting veto power to the defendant to block submission of any lesser-included offense which the accused does not fancy.

We do not interpret the quoted language in this manner. The State also may have a legitimate interest in having a lesser-included offense, which satisfies the statutory elements test, submitted to the jury. If there is a failure to convict on the greater offense, a failure to submit the lesser offenses could, under prevailing double jeopardy standards, effectively bar the State from ever bringing the defendant to trial for the lesser offenses. *See id.* at 734–35. The State should not be forced to accept that result because of a unilateral election by the defendant.

We have considered all arguments presented, and find no basis for reversing defendant's conviction. The judgment of the district court is affirmed.

AFFIRMED.