Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., J. Patrick White, Co. Atty., and Tammy B. Roush, Asst. Co. Atty., for plaintiff-appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant Clinton Robert Vargason appeals his conviction of third-degree sexual abuse in violation of Iowa Code section 709.4 (1989). He contends the trial court erred in failing to instruct on lesser-included offenses of assault with intent to commit sexual abuse and assault. He also challenges the trial court's refusal to strike a challenged juror and contends he was compelled to disclose communications that were privileged under the attorney-client relationship. We determine it was error not to instruct on the lesser-included offenses of assault. We remand for new trial.

In the evening of June 24, 1988, defendant and the victim met in an Iowa City bar. The victim wanted a ride home. After leaving the bar, the couple went to three parties, and then parked on a gravel road heading out of town. The defendant admitted he wanted to have intercourse. He testified he felt the victim did too. The victim testified she only remained with the defendant to get a ride home.

STATE of Iowa, Plaintiff–Appellee,

v.

Clinton Robert VARGASON, Defendant–Appellant.

No. 89–566.

Court of Appeals of Iowa.

Sept. 26, 1990.

The victim testified defendant told her to take off her clothes and he ultimately removed some of them. She testified he hit her and she ultimately submitted to intercourse. She said she was on top and it lasted a very short time. She said she refused defendant's demand that she suck on his penis. Defendant testified they both took off their clothes and had intercourse. He testified she was on top. He testified she refused his request that she suck on his penis.

The defendant had initially denied any sexual encounter with the victim. He eventually admitted to consensual intercourse when a deoxyribonucleic acid pattern test using a semen sample from the victim's clothing determined the semen was defendant's. The pattern in defendant's blood and on the clothing sample were conservatively determined to appear in one out of 14,000 persons.

## I.

Defendant contends the trial court erred in refusing his request that the trial court instruct the jury on the lesser-included offenses of assault with intent to commit sexual abuse[1] and simple assault.[2] The State concedes these offenses are lesser-included offenses of sexual abuse in the third degree[3] and recognizes that *State v. McNitt*, 451 N.W.2d 824, 825 (Iowa 1990), so holds. We agree. *See also State v. Turecek*, 456 N.W.2d 219, 222–23 (Iowa 1990).

The State contends, however, this case should be affirmed because defendant's admission he had intercourse was in fact a stipulation by defendant to the greater offense and served to establish the greater offense as a matter of law. The State argues in the alternative, even if there was error, it was harmless or not prejudicial. We reject the State's arguments.

In *State v. Jeffries*, 430 N.W.2d 728, 741 (Iowa 1988), the court suggested there may not be a need to instruct on a lesser offense when the defendant stipulates the dissimilar elements of the greater offense. *See also State v. Greer*, 439 N.W.2d 198, 200 (Iowa 1989). Any stipulation relied on must serve to establish the dissimilar element of the greater offense as a matter of law, *Greer*, 439 N.W.2d at 200, and requires more than merely lack of evidence to controvert the dissimilar element. *Id.* A defendant's unexplained and uncontradicted testimony may elevate a State's allegation to a verity and may establish a fact so no jury determination is necessary. *See State v. Donelson*, 302 N.W.2d 125, 134–35 (Iowa 1981); *State v. Shepard*, 247 Iowa 258, 266–67, 73 N.W.2d 69, 74 (1955), overruled on other grounds *State v. Jensen*, 189 N.W.2d 919, 923 (Iowa 1971).

The focal issue is whether defendant's admission that the parties had consensual intercourse is a stipulation to the greater element. In addressing the issue we recog-

---

1. Section 708.1 provides in applicable part:
   **Assault defined**
   A person commits an assault when, without justification, the person does any of the following:
   1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
   2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
        \*    \*    \*    \*    \*    \*

2. Section 709.11 provides in applicable part:
   **Assault with intent to commit sexual abuse**
   Any person who commits an assault, as defined in section 708.1, with the intent to commit sexual abuse is guilty of a class "C" felony if the person thereby causes serious injury to any person and guilty of a class "D" felony if the person thereby causes any person a bodily injury other than a serious injury. The person is guilty of an aggravated misdemeanor if no injury results.

3. Section 709.4 provides in applicable part:
   Sexual abuse in the third degree
   A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
   1. The act *is done* by force or *against the will*, of the other participant, whether or not the other participant is the person's spouse or is cohabiting with the person.
        \*    \*    \*    \*    \*    \*
   (emphasis added).

nize the victim is an adult. We do not find an admission of consensual intercourse to be a stipulation or admission of the greater element of the crime. For in order for a sex act to meet the requirement of section 709.4, it must be done by force or against the will. We therefore reject the State's argument in this regard.

■ The State further contends any error was harmless or without prejudice because of defendant's admission and the absence of any evidence which would controvert the elevating element of sexual abuse. We reject the State's argument. First, the only admission defendant made was to consensual intercourse with an adult who was capable of consenting. Secondly, the State's argument was clearly rejected in *State v. Turecek*, 456 N.W.2d 219, 222 (Iowa 1990), which was filed after the State's brief was filed. We find the following language from *Turecek* instructive on this issue:

> As the events of the crime were chronologically detailed in the testimony of the victim, J.B., there clearly was an assault committed prior to the alleged sexual abuse. If we continue to adhere to the rule that juries are free to accept part of a witness's testimony and reject other portions thereof, then there was an alternative scenario in the proof which would support a finding of guilt of the crime of assault. If, in addition, we continue to adhere to the principle that the law of lesser-included offense requires that the jury be given an alternative, we must reject the State's claim of harmless error.

*Turecek*, 456 N.W.2d at 222.

The jury in this case could have accepted the fact defendant hit the victim, yet accepted his testimony the intercourse was consensual. There was an alternate scenario in the proof which would support a finding of guilt of the crime of assault. The application of the direction of *Turecek* is not quite so clear with reference to the offense of assault with intent. However, defendant's request for the instruction on assault should compel him to accept the submission of the higher offenses. *Ture-*

*cek*, 456 N.W.2d at 223. The trial court should have instructed on the lesser-included offenses. We reverse and remand for a new trial.

## II.

Defendant also challenges the trial court's decision to overrule his challenge for cause to a juror who admitted to being sexually abused as a child. The juror said she could not guarantee her past experience would not affect her consideration. Defendant was forced to use a peremptory challenge to remove the juror. Defendant cites *State v. Hatter*, 381 N.W.2d 370 (Iowa App.1985), to support his position.

Because of our holding, we need not address the issue. The trial court has large but not unlimited discretion in ruling upon a challenge for cause. *State v. Williams*, 285 N.W.2d 248, 267 (Iowa 1979); *State v. Winfrey*, 221 N.W.2d 269, 273 (Iowa 1974); *State v. Beckwith*, 242 Iowa 228, 232, 46 N.W.2d 20, 23 (1951); *State v. Hatter*, 381 N.W.2d 370, 371 (Iowa App.1985). However, we remind the trial court that Iowa law dictates caution should be used in overruling challenges for cause in criminal cases when there appears to be a fair question as to their soundness. *Beckwith*, 242 Iowa at 238–39, 46 N.W.2d at 26; *State v. Woodyard*, 414 N.W.2d 654, 657 (Iowa App.1987).

It is better to give the accused the benefit of the doubt, so he or she is assured his or her rights are not invaded and there is confidence in the fairness and impartiality of each jury member. *See Beckwith*, 242 Iowa at 239, 46 N.W.2d at 26.

## III.

Defendant's last contention is that he was impermissibly compelled to disclose communication contrary to the attorney-client privilege. We do not find error was preserved on this issue, the question was asked and answered before the objection was imposed. Additionally, defendant himself opened the door to the issue and consequently has no grounds to complain. *See Wycoff v. State*, 382 N.W.2d 462, 468 (Iowa 1986); *State v. Hall*, 235 N.W.2d 702, 728

(Iowa 1975). We find no error on this issue.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.