# IN THE COURT OF APPEALS OF IOWA

No. 15-0900
Filed November 9, 2016

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**TRAVIS LEE DOWNS,**
  Defendant-Appellant.

_____

Appeal from the Iowa District Court for Tama County, Mitchell E. Turner, Judge.

Travis Lee Downs appeals from his convictions for (1) domestic abuse assault, by impeding airway or blood flow, causing bodily injury, (2) intimidation with a dangerous weapon with intent, by threat, and (3) domestic abuse assault with a dangerous weapon. **REVERSED AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Travis Lee Downs appeals from his convictions for (1) domestic abuse assault, by impeding airway or blood flow, causing bodily injury, in violation of Iowa Code sections 708.2A(1) and 708.2A(5) (2011) (count VII), a class "D" felony; (2) intimidation with a dangerous weapon with intent, by threat, in violation of section 708.6 (count VIII), a class "C" felony; and (3) domestic abuse assault with a dangerous weapon, in violation of sections 708.1(2), 708.2A(1), and 708.2A(2)(c) (count IX), an aggravated misdemeanor. Travis asserts there is insufficient evidence to support his convictions for the latter two counts (VIII and IX); the district court erred in failing to merge the sentences for counts VIII and IX; trial counsel was ineffective in failing to object to faulty marshalling instructions and to object to prosecutorial misconduct; and the district court erred in applying an incorrect standard in ruling on the motion for new trial.

We find Travis' convictions for intimidation with a dangerous weapon with intent and domestic abuse with a dangerous weapon are supported by substantial evidence. We also conclude the sentences for the same two charges should merge. However, because the district court applied an incorrect standard in ruling on the motion for new trial, we reverse and remand to allow for application of the correct weight-of-the-evidence standard. We preserve the ineffective-assistance claims for possible postconviction-relief proceedings.

**I. Background Facts and Proceedings.**

Travis Downs' convictions in this matter are the result of two altercations with his wife, Diana Downs, in January and December 2012.

On the evening of January 6, 2012, Travis was intoxicated and arguing with Diana. During the argument, Travis retrieved a shotgun, put shells in the gun, and went outside in front of the house. Diana followed, attempting to calm Travis and get him to come back inside. Diana testified Travis stated he was going to kill her and then kill himself. Travis then shot approximately three shots at random around the house, one hitting their vehicle. After the car was hit, Diana ran back inside and into the basement, fearing a shot would come into the house and hit her. She stated that although Travis did not point the gun directly at her, she was afraid. Diana testified she heard at least one more shot while she was in the basement.

Two men hunting nearby heard arguing and the shots fired and called for help. Deputy Sebetka was dispatched to the Downs' residence. Diana testified she told Deputy Sebetka that Travis threatened to kill her and then kill himself. However, Deputy Sebetka testified he did not recall Diana telling him Travis threatened to kill her and that she said Travis only tried to harm himself. Deputy Sebetka determined Travis was suicidal, requested another officer take Travis to the hospital, and did not pursue criminal charges. Travis was released from the hospital just hours later.

Diana also testified that in the first week of December 2012 another altercation occurred when she and Travis were arguing. The argument escalated very fast and Travis pushed Diana down onto the bed, got on top of her, and choked her with both of his hands. Diana testified, "I heard my pulse in my ears and I could barely breathe. It just happened fast." Diana did not report the

incident because "[she] was scared that [Travis would] get upset, and [she] was worried about [her] family."

Travis was charged by trial information on February 6, 2014.[1]  Jury trial began December 9, 2014.  Travis was found guilty on all three counts.  Travis filed a motion for new trial on January 30, 2015.  Sentencing was held February 5, 2015, wherein the district court denied the motion for new trial and sentenced Travis to five years of incarceration on count VII, ten years on count VIII, and two years on count IX, with all three sentences suspended and Travis placed on probation for five years on the condition he reside in a community residential treatment facility for a term not to exceed one year.  Travis now appeals.

**II. Sufficiency of the Evidence.**

Travis first contends the charges of intimidation with a dangerous weapon and domestic abuse assault with a dangerous weapon are not supported by sufficient evidence.  We review claims of insufficient evidence for correction of errors at law.  *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).  "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may fairly be drawn from the evidence.'"  *Id.* (citation omitted).  We uphold the jury verdict if it is supported by substantial evidence.  *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002).  "Evidence is considered substantial if, when viewed in the light most favorable to

[1] The counts were charged as counts VII, VIII, and IX in the trial information, and were severed and tried separately from the other counts charged.  The district court also refers to the counts as I, II, and III.

the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Sanford*, 814 N.W.2d at 615.

Travis first argues the State presented insufficient evidence he threatened to discharge a shotgun at, into, or in a house which was occupied by Diana, an element of the intimidation with a dangerous weapon charge.

Iowa Code section 708.6 states that a person commits the crime of intimidation with a dangerous weapon, a class 'C' felony, if the person,

> with the intent to injure or provoke fear or anger in another, shoots . . . a dangerous weapon at, into, or in a building . . . occupied by another person . . . and thereby places the occupants or people in reasonable apprehension of serious injury or threatens to commit such an act under circumstances raising a reasonable expectation that the threat will be carried out.

Travis emphasizes that Diana testified he never pointed the gun directly at her or the house and never shot the house. Therefore, Travis contends the State did not show that he threatened to discharge the weapon "at, into, or in" the house. However, the State argues the evidence only must show Travis threatened to discharge the weapon at the house, not that he actually fired at or into the home. We agree and find there was sufficient evidence to support count VIII, intimidation with a dangerous weapon.

After stating he was going to kill Diana and then himself, Travis began shooting wildly in close proximity to the house. Diana was standing just outside the front door. After Travis shot their vehicle, Diana stated she was afraid Travis would shoot at her or into the house, so she ran into the basement. The evidence is sufficient to show Travis threatened to shoot at or into the house.

Travis also asserts there is insufficient evidence to support his conviction for domestic abuse assault with a dangerous weapon (count IX) because he did not display the weapon in a threatening manner directly at Diana. With respect to this count, Jury Instruction No. 19 required the State to prove Travis "displayed in a threatening manner a dangerous weapon, as defined in Instruction No. 22, toward Diana." Travis again points to Diana's testimony that he never aimed the gun directly at her, and argues there is insufficient evidence to show he displayed the weapon "toward" Diana.

However, Iowa Code section 708.2A(2)(c) provides that a person commits "[a]n aggravated misdemeanor, if the domestic abuse assault is committed with the intent to inflict a serious injury upon another, or if the person uses or displays a dangerous weapon in connection with the assault." Nothing in section 708.2A(2)(c) requires the weapon to be pointed directly at the victim.

Although "[a] mere threat, without more, is not necessarily an assault by placing another in fear," *State v. Law*, 306 N.W.2d 756, 759 (Iowa 1981),[2] Travis did not merely threaten Diana during the January 6, 2012 incident. Travis told Diana he was going to kill her and then himself while brandishing a loaded shotgun. He then began shooting the gun near the house while Diana was standing just outside the front door. Under section 708.2A(2)(c), the State was not required to prove Travis pointed the gun directly at Diana. When viewed in the light most favorable to the State, substantial evidence was presented to show Travis displayed the dangerous weapon toward Diana in a threatening manner.

---

[2] *Overruled on other grounds by State v. Wales*, 325 N.W.2d 87, 89 (Iowa 1982); *see also Klug v. Kajese*, No. 07-1074, 2008 WL 942055 at *2 (Iowa Ct. App. Apr. 9, 2008).

**III. Merger.**

Travis next asserts the district court entered an illegal sentence because the sentences for intimidation with a dangerous weapon (count VIII) and domestic abuse assault with a dangerous weapon (count IX) should have been merged. "Review of an illegal sentence for lack of merger is for correction of errors at law." *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015). "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, protects . . . against multiple punishments for the same offense." *State v. Burgess*, 639 N.W.2d 564, 568 (Iowa 2001). This protection is codified in Iowa Code section 701.9.[3]

Travis concedes the two counts as marshalled contain different elements, but asserts the language of Iowa Code section 708.2A(2)(c) reflects the legislative intent to provide singular punishment for the offenses of intimidation with a dangerous weapon and domestic abuse assault with a dangerous weapon. Thus, Travis argues the sentences for his convictions for counts VIII and IX should merge.

Iowa Code section 708.2A, the statute describing penalties for degrees of domestic abuse assault provides: "On a first offense of domestic abuse assault, the person commits . . . [a]n aggravated misdemeanor, . . . if the person uses or

---

[3] Section 701.9 provides:

> No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the great of the offenses only.

displays a dangerous weapon in connection with the assault. This paragraph does not apply if section 708.6 . . . applies." Iowa Code § 708.2A(2)(c).

Section 708.6 delineates the elements of the crime of intimidation with a dangerous weapon with intent. Thus, by the language in section 708.2A(2)(c), the legislature expressly identified the crimes of domestic abuse assault with a dangerous weapon and intimidation with a dangerous weapon as similar crimes which do not warrant separate punishment. *See State v. Ray*, 516 N.W.2d 863, 866 (Iowa 1994) (finding Iowa Code section 708.2(3)—which stated in relevant part, "[t]his subsection does not apply if section 708.6 or 708.8 applies"— "specifically provides that punishment for assault with a dangerous weapon is inapplicable where a person is convicted for terrorism[4] or going armed with intent under the same facts").

The State agrees if the convictions were based upon the same act, section 708.2A(2)(c) requires merger of Travis' convictions for counts VIII and IX, but asserts the convictions are supported by separate acts. The State contends Travis' act of threatening Diana while holding a loaded weapon constituted one act (domestic abuse assault with a dangerous weapon), and his shooting the weapon constituted a separate second act (intimidation with a dangerous weapon). We disagree.

Our supreme court has elaborated upon a "unit of prosecution" and the need for either a break-in-the-action or two separate completed acts to support separate criminal convictions and avoid a violation of the Double Jeopardy

---

4 "In 2002, the general assembly amended the Iowa Code to rename the then crime of terrorism to the crime of intimidation with a dangerous weapon with intent and enacted a wholly new offense of terrorism." *State v. Ross*, 845 N.W.2d 692, 699 n.1 (Iowa 2014).

Clause. *See State v. Velez*, 829 N.W.2d 572, 581-84 (Iowa 2013). We need not repeat the analysis here, but in reaching its conclusions the court relied heavily upon legislative intent. *Id.* at 580. Here, the legislative intent is clear that a conviction for both offenses should not stand, but we acknowledge if there were separate acts, a defendant could be charged with two counts of intimidation with a dangerous weapon, two counts of domestic abuse assault with a dangerous weapon, or one count each.

The difficulty with the State's position is that we have no way of knowing if the jury determined its verdict on the two offenses based upon separate acts. The marshalling instruction for the offense of intimidation with a dangerous weapon with intent required proof Travis "threatened to discharge a shotgun" with specific intent "to injure or cause fear or anger in Diana."[5] The marshalling instruction for the offense of domestic abuse assault with a dangerous weapon required proof "the defendant displayed in a threatening manner a dangerous weapon."[6] Thus, both instructions required a threat with a dangerous weapon.

Here, Travis' actions in threatening to shoot Diana while holding the loaded weapon and actually shooting the dangerous weapon while in the midst of his angry and assaultive spree are not so distinct as to warrant imposition of separate punishment. Both convictions stem from Travis' act of threatening Diana while wielding the loaded weapon. And the legislature has expressly stated in section 708.2A(2)(c) its intent that these convictions are not separately punishable. We conclude there must be some measurable difference in time,

[5] Jury Instruction No. 18.
[6] Jury Instruction No. 19.

place, or manner of the criminal acts to overcome the legislative intent expressly provided in section 708.2A(2)(c). *See Velez*, 829 N.W.2d at 581-84. Otherwise, the State can avoid the legislature's intent by claiming different units of prosecution.[7]

We therefore find Travis' sentences on the intimidation with a dangerous weapon and domestic abuse assault with a dangerous weapon convictions should merge.

### IV. Ineffective Assistance of Counsel.

Travis also contends trial counsel rendered ineffective assistance in failing to object to jury instructions and prosecutorial misconduct. Our review of ineffective-assistance-of-counsel claims is de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To establish ineffective assistance, Travis must show trial counsel "failed to perform an essential duty," and "this omission resulted in prejudice." *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

"Generally, ineffective-assistance claims are preserved for postconviction relief proceedings to afford the defendant an evidentiary hearing and thereby permit the development of a more complete record." *Id.* (citation omitted). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "Because '[i]mprovident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel,' postconviction proceedings are often necessary to discern the difference between improvident

---

[7] A jury interrogatory may be of benefit to establish separate units of prosecution.

trial strategy and ineffective assistance." *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) (citation omitted).

Travis contends trial counsel was ineffective in failing to object to improper jury instructions and to prosecutorial misconduct. However, because trial counsel made no objections and the district court was not provided an opportunity to rule on the issues, the record is not adequate to resolve Travis' ineffective-assistance claims on direct appeal. We cannot ascertain from the record trial counsel's potential trial strategy, tactics, or exercise of judgment in considering the issues. Preservation of Travis' ineffective-assistance claims for possible postconviction-relief proceedings will allow for "an adequate record of the claim [to] be developed and the attorney charged with providing ineffective assistance [to] have an opportunity to respond to defendant's claims." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). We therefore preserve the ineffective-assistance-of-counsel claims for possible postconviction-relief proceedings.

**V. Motion for New Trial.**

Last, Travis contends the district court erred in applying an incorrect standard in analyzing and denying his motion for new trial. We generally review rulings on motions for new trial for an abuse of discretion. *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). "However, we review a claim that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law." *Id.* A motion for new trial should be granted "only in exceptional cases in

which the evidence preponderates heavily against the verdict." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).[8]

Iowa Rule of Criminal Procedure 2.24(2)(b)(6) provides a court may grant a new trial "[w]hen the verdict is contrary to law or evidence." The weight-of-the-evidence standard differs from the sufficiency-of-the-evidence standard in that

> [t]he weight-of-the-evidence standard requires the district court to consider whether more "credible evidence" supports the verdict rendered than supports the alternative verdict. It is broader than the sufficiency-of-the-evidence standard in that it permits the court to consider the credibility of witnesses. Nonetheless, it is also more stringent than the sufficiency-of-the-evidence standard in that it allows the court to grant a motion for new trial only if more evidence supports the alternative verdict as opposed to the verdict rendered. The question for the court is not whether there was sufficient credible evidence to support the verdict rendered or an alternative verdict, but whether "a greater amount of credible evidence" suggests the verdict rendered was a miscarriage of justice.

*Ary*, 877 N.W.2d at 706 (citations omitted).

The district court heard arguments and ruled on the motion for new trial prior to the sentencing hearing on February 5, 2015. The court held:

> With regard to the Defendant's Motion in Arrest of Judgment or Motion for New Trial, I do find that sufficient evidence was presented to the jury on each and every element as to all three counts such that a jury, if they believed the evidence, could legally find that there was sufficient evidence to support the convictions as to all three offenses.

---

[8] The State asserts Travis failed to preserve his claim that he was entitled to a new trial under the *Ellis* standard, citing *State v. Thompson*, 836 N.W.2d 470, 491 (Iowa 2013), and *State v. Phillips*, No. 13-1402, 2014 WL 5243363, at *2 (Iowa Ct. App. Oct. 15, 2014). However, in both *Thompson* and *Phillips* the motions for new trial failed to cite the rule. *See Thompson*, 836 N.W.2d at 491; *Phillips*, 2014 WL 5243363 at *2. Although brief, Travis' motion for new trial did request a new trial pursuant to Iowa Rule of Criminal Procedure 2.24(2)(b)(6). We thus determine Travis asked the district court to consider whether to grant a new trial utilizing the weight-of-the-evidence standard, and error is preserved on this issue.

The court further provided in its sentencing order that the motion for new trial was denied based on the reasons stated in the record. We find the district court did not apply the correct standard in ruling on the motion for new trial. *See id.* at 706-07. Thus, we reverse the district court's ruling denying the motion for new trial and remand the case for application of the correct standard in ruling on the motion.

**VI. Conclusion.**

We find there is sufficient evidence to support Travis' convictions for intimidation with a dangerous weapon with intent (count VIII) and domestic abuse assault with a dangerous weapon (count IX). We conclude the sentences for counts VIII and IX should merge. We preserve Travis' ineffective-assistance claims for possible postconviction-relief proceedings. Finally, because the district court erred in applying an incorrect standard in ruling on the motion for new trial, we reverse and remand the case with instructions to consider the motion for new trial using the correct weight-of-the-evidence standard; if the motion is denied, the district court shall enter a corrected judgment and sentencing order.

**REVERSED AND REMANDED WITH DIRECTIONS.**