Curtis B. WORKMAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-16985.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1971.

John T. Lawson, Tahlequah, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Curtis B. Workman, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Adair County, Oklahoma, for the offense of Transportation of Open Container of Alcoholic Beverage in Vehicle. His punishment was fixed at thirty (30) days in the county jail and a fine of $100.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, the Sheriff of Adair County and two deputies testified that in the early morning hours of May 2, 1971, they observed the defendant driving a vehicle which turned into the parking area of the State Line Bar. The vehicle then re-entered the highway and stalled near the center line of the highway. The deputies Shell and Powell proceeded to the stalled vehicle and were joined momentarily by Sheriff Harlin. Upon observing the defendant's condition, they removed the defendant and his brother from the vehicle. A vodka bottle with about two inches of the contents remaining in the bottle was observed lying on the front seat. The bottle was subsequently turned over to Trooper Spradlin, who kept it in his possession until shortly before the trial.

The first proposition asserts that the trial court erred in overruling defendant's plea of double jeopardy in that the defendant had prior thereto been tried and convicted for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. We are of the opinion that this proposition is totally without merit.

■ The offenses of "Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor" and "Illegal Transportation of an Open Container of Alcoholic Beverage" are separate and distinct offenses. The prior conviction of the defendant for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor is not a bar to the prosecution in the instant case of Illegal Transportation of an Open Container of Alcoholic Beverage.

■ The next proposition contends that the State of Oklahoma failed to identify the defendant at the trial as having committed a crime. We have carefully reviewed the Record and are of the opinion that although the State failed to ask the standard question, "If the defendant is present in the courtroom today, would you point him out please," that the defendant's identification is implicit throughout the transcript. Sheriff Harlin testified concerning the arrest of the defendant as follows:

"Q. Are you acquainted with this defendant, Curtis Workman?

"A. Yes, sir.

"Q. How long have you known him?

"A. Several years, probably seven or eight years.

"Q. Did you have occasion to see him on the morning of May the 2nd of 1971?

"A. I did." (Tr. 36)

Deputy Shell testified as follows:

"Q. Do you know this defendant, Curtis Workman?

"A. Yes, sir.

"Q. And for what length of time have you known him?

"A. I've known him for quite awhile.

"Q. Did you see him on the 2nd day of May of 1971?

"A. Yes, sir." (Tr. 51)

Deputy Powell testified as follows:

"Q. At that particular night did you see this defendant, Curtis Workman?

"A. Yes, I did.

"Q. Were you personally acquainted with him before this?

"A. I was not acquainted. I knew him by sight." (Tr. 64)

In dealing with a similar proposition in the recent case of Holt v. State, Okl.Cr., 489 P.2d 504, we stated:

"We further observe that the Record reflects that this objection as to the identification of the defendant was not raised at any stage of the trial, nor in the Motion for New Trial. We are of the opinion that, although it is the better practice for the prosecuting attorney to specifically ask a witness if he knows the defendant, and if the defendant is present in the court room to ask the witness to point out the defendant, that in the instant case, the identification of the defendant is implicit and inherent throughout the entire Transcript."

The final proposition asserts that the punishment is excessive. We are of the opinion that this proposition is well taken. We observe that the defendant had been tried and convicted the previous week by the same jury panel for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. His punishment was set in the prior case at ten (10) days in the county jail and a fine of $50.00 and costs. Although the defendant agreed to be tried by the same jury panel, we can arrive at no other conclusion than the jury's knowledge of the prior conviction influenced the verdict in the instant case.

The judgment and sentence is accordingly modified to a term of ten (10) days in the county jail and a fine of $50.00 and costs, and as so modified, the judgment and sentence is affirmed.

BRETT, J., concurs.