**STATE of Iowa, Appellee,**

v.

**Nick Hans JENSEN, Appellant.**

**No. 56464.**

Supreme Court of Iowa.

March 27, 1974.

Clark D. Mantz, Audubon, and C. M. Manly, Grinnell, for appellant.

Richard C. Turner, Atty. Gen., David Dryer, Asst. Atty. Gen., and Robert D. Nelson, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, HARRIS and Mc-CORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of operating a motor vehicle while under the influence of an alcoholic beverage in violation of section 321.281, The Code. We reverse and remand.

Taking, as we must, the evidence in the light most favorable to the verdict, defendant was driving a pickup truck on an Audubon street when it struck a parked car. Various witnesses who observed defendant at the scene and immediately after the accident offered testimony sufficient to raise a jury question on the State's claim defendant was intoxicated. Defendant's nine assignments center around four complaints. He challenges evidence of blood and breath test, instructions, the denial of his request for a standing objection, and a claimed failure to identify him at trial.

I. We do not believe the record sufficient to show defendant was first offered a blood test. An arresting officer merely stated: "I asked him if he would rather have a blood test or a breath test, and he indicated he would not want the blood test."

■ The procedure required under section 321B.3, The Code (implied consent law) has become carefully defined. The standards for the procedure are as follows: (1) There must be a *written* request by the officer to the arrested driver for permission to take a blood test. (2) If the request for a blood test is refused the officer must then make a written request for a breath or urine test. (3) There must be a showing the officer is properly qualified under the statute to administer the test. (4) There must be proof the test was given by the use of devices and methods approved by the commissioner of public safety as provided by section 321B.4, The Code. Rodriguez v. Fulton, 190 N.W.2d 417 (Iowa 1971); State v. Hraha, 193 N.W.2d 484 (Iowa 1972); State v. Williams, 201 N.W.2d 710 (Iowa 1972); State v. Rowland, 202 N.W.2d 98 (Iowa 1972).

■ Where the results of a breath test are offered it is mandatory to show the driver's prior refusal to take the blood test. State v. Tiernan, 206 N.W.2d 898 (Iowa 1973). Evidence of a refusal to submit to a test is inadmissible where the results would be inadmissible. State v. Hall, 203 N.W.2d 375 (Iowa 1973). Where the proper procedure is followed, the test results are admissible in either a civil or criminal action. Section 321B.10, The Code. Where the proper procedure is followed, a refusal to submit to the test is likewise admissible. Section 321B.11, The Code.

II. The first question presented in this appeal extends somewhat beyond these established rules. In this case the evidence of defendant's remarks about a blood test and evidence of taking the breath test were admitted. This was at a point in the trial when the State claims it was attempting to lay the foundation for offering the results of the breath test. However the results of the breath test were not thereafter offered or received.

It is difficult, in view of the rules outlined in Division I, to imagine how the State could ever have hoped to place the results of the breath test in evidence. There had been an obvious and wholesale failure to comply with the standards we have reviewed in Division I. A blood test was not first offered in writing. Any evidence indicating the defendant refused to submit to a blood test undoubtedly damaged him at trial. Yet it was clearly not a refusal sufficient to allow the officer's demand for either a breath or urine test. And we gather from the record the officer conducting the test was not qualified to do so under the statute.

It is of controlling importance defendant filed a pretrial motion in limine seeking to exclude all evidence relating to the breath test. That motion asserted the State failed to comply with the procedures required under the implied consent law. Attached to the motion as an exhibit was the uncompleted form used by the officer when the test was taken. It indicated no blood test had been offered or refused. The court overruled the motion. At trial defendant preserved his position with regard to the inadmissibility of the evidence by timely objections while the testimony was offered. The same position was maintained in defendant's motion for a directed verdict at the close of evidence.

We have discussed motions in limine many times. Lewis v. Buena Vista Mutual Insurance Association, 183 N.W.2d 198 (Iowa 1971); State v. Johnson, 183 N.W.2d 194 (Iowa 1971); State v. Garrett, 183 N.W.2d 652 (Iowa 1971); State v. Hinsey, 200 N.W.2d 810 (Iowa 1972). See also Sullins, Preservation of Error: Providing a Basis for Appellate Review, 22 Drake L.Rev. 435, 445. An explanation we have

previously quoted appears in State v. Johnson, supra:

"The primary purpose of a motion in limine is to avoid disclosing to the jury prejudicial matters which may compel declaring a mistrial. The trial judge is thereby alerted to an evidentiary problem which may develop in the trial. It should not, except upon a clear showing, be used to reject evidence. Careful procedure dictates the trial court's order on a motion in limine should prohibit disclosure of questionable evidence until the court during the trial in the jury's absence has been presented an offer and objection. Thus a proper record may be made for review on appeal." 183 N.W.2d at 197.

■ These authorities aptly describe an overruled motion in limine as a "red flag." Under the circumstances the State cannot claim to have routinely tried and failed to place the results of the breath test in evidence. With the red flag waving the trial court should have prohibited disclosure, not only of the results of the breath test, but also the fact one had been taken. Defendant was entitled under the circumstances to some showing, out of the jury's presence, the State could meet the obvious objections defendant had made and preserved. The trial court was alerted to the fatal weakness in the evidence by the motion in limine. Defendant preserved his position by timely objections at trial and should have been spared the prejudice attending disclosure of the test to the jury. Neither should defendant have been required to object to the test in the presence of the jury. See Lessenhop v. Norton, 261 Iowa 44, 153 N.W.2d 107. The failure of the trial court in this regard constitutes reversible error.

III. The State argues the evidence of defendant's awkwardness in attempting to take the breath test tended to show his intoxicated condition. It is claimed the evidence is independently admissible on the same theory observations of so-called balance tests are admitted. The suggestion is the independent value of the evidence should not be lost because it was in connection with a test which would otherwise be inadmissible.

The general rules governing multiple admissibility of evidence are not disputed. See 1 Wigmore on Evidence, Third Ed., section 13, pages 299–303. The same rules were also defined in McCormick on Evidence, Second Ed., section 59, pages 135–136 as follows:

"An item of evidence may be logically relevant in several aspects, as leading to distinct inferences or as bearing upon different issues. For one of these purposes it may be competent, but for another incompetent. In this frequently arising situation, subject to the limitations outlined below, the normal practice is to admit the evidence. The interest of the adversary is to be protected, not by an objection to its admission, but by a request at the time of the offer for an instruction that the jury is to consider the evidence only for the allowable purpose. Such an instruction may not always be effective, but admission of the evidence with the limiting instruction is normally the best available reconciliation of the respective interests. *It seems, however, that in situations, where the danger of the jury's misuse of the evidence for the incompetent purpose is great, and its value for the legitimate purpose is slight or the point for which it is competent can readily be proved by other evidence, the judge's power to exclude the evidence altogether would be recognized.*" (Emphasis added)

■ Here the judge's power to exclude became an obligation to exclude. Noting again the motion in limine and the timely objections by defendant we reject the argument defendant's awkwardness in attempting to take the breath test was admissible for another purpose. The argument overlooks the fundamental principle upon which the implied consent law is grounded. An accused waives basic rights in his implied contract to submit to a test for the privilege of using the highways.

See generally 7 Am.Jur.2d, Automobiles & Highway Traffic, section 333, pages 876–878. We have long held the implied consent law constitutional. State v. Johnson, 257 Iowa 1052, 135 N.W.2d 518. But we have consistently held the statute must be explicitly followed and evidence flowing from its application can be received only as expressly provided. State v. Hraha, supra, 193 N.W.2d 484 (Iowa 1972); State v. Wallin, 195 N.W.2d 95 (Iowa 1972).

■ Upon a failure to comply with the set standards of our implied consent law the evidence becomes inadmissible. Such evidence does not become habilitated upon proposing an alternative theory of its purpose.

IV. The State does not rely for affirmance on an instruction given by the trial court at defendant's request. The instruction advised the jury all testimony relating to blood or breath tests was to be disregarded by them in their deliberations. There is no showing the evidence was withdrawn. But we think the effect of the instruction to disregard should be discussed. The general rule is:

"If evidence is improperly admitted but is later withdrawn with a cautionary statement to the jury to disregard it, there is no error *except in extreme instances where the prejudicial effect would probably remain to influence the verdict despite* its exclusion. (Authorities)." (Emphasis added) State v. Coffee, 182 N.W.2d 390, 392 (Iowa). See also State v. Collins, 246 Iowa 989, 69 N.W.2d 31; State v. Johnson, supra, 183 N.W.2d 194 (Iowa 1971).

■ We believe the present case presents one of the "extreme instances." It arises not so much from the inherent prejudice of the subject matter as from the dogged efforts of counsel. To excuse the error here by an admonition to disregard would destroy any effectiveness of a motion in limine. Counsel must have a way to keep prejudicial and inadmissible evidence from the ears of the jury. Under these circumstances "remaining prejudicial effect" was shown.

■ The State cites and relies on State v. Hinsey, 200 N.W.2d 810 (Iowa 1972) as holding an improperly overruled motion in limine is not grounds for reversal. The statement is true enough but requires amplification. The rule does not imply a motion in limine is worthless unless sustained. The crux of the holding is to require trial preservation of the position taken by the movant. Such preservation is by proper and timely objections to admission of evidence renewed in motions at the close of evidence. With such preservation a motion in limine becomes a vital and effective instrument for its designated purpose of keeping improper matters from the ears of jurors.

V. The State argues the trial court should be affirmed on the claim defendant did not renew his objections in a motion for directed verdict at the close of all evidence. See State v. Johnson, 196 N.W.2d 563 (Iowa 1972). The claim is contrary to the record. The reporter's transcript discloses the motion for directed verdict made at the close of all evidence preserved the foregoing error for review.

VI. Because the case will be remanded for a new trial we turn to additional assignments.

■ Defendant claims a jury question was not presented on his identity. There was ample circumstantial evidence identifying him at the scene of the accident. See State v. Creighton, 201 N.W.2d 471 (Iowa 1972). Defendant also complains he was not identified at trial as the one accused and who committed the crime alleged. Identity is an element of a criminal offense which the State must prove beyond a reasonable doubt. 30 Am.Jur.2d, Evidence, section 1143, page 319. For this reason witnesses are permitted to point out the accused as the person who committed a crime. This common practice does not offend against the rule against compulsory

self-incrimination. 22A C.J.S. Criminal Law § 652, page 553.

 We agree with the trial court such a procedure is not necessary to make out a jury question on identification. Identification of a defendant may be implicit or inherent in a record. See Workman v. State, 491 P.2d 311 (Okl.Cr.1971); Holt v. State, 489 P.2d 504 (Okl.Cr.1971); and Butler v. United States, 317 F.2d 249 (8 Cir. 1963).

We believe a jury question was presented on defendant's identity. The trial court was right in so holding.

■ VII. We likewise believe it was not error for the trial court to refuse to acknowledge defendant's objections to be "standing." Such a ruling was well within the trial court's discretion. Defendant is sufficiently protected by general principles governing requirements of repeated objections. See 4 C.J.S. Appeal and Error § 250, page 769. The trial court was not required to allow defendant's objections to "stand."

Defendant also complains of the failure to give certain requested instructions. This complaint was not preserved for review. "[The] rule requires, in order to predicate error for review upon the trial court's refusal to give requested instructions, proper exceptions must be preserved by the party timely specifying the part of the instruction requested and refused and the particular point or points of law or questions of fact in dispute which the court supposedly erred by omission to instruct." State v. Gilmore, 181 N.W.2d 145, 147 (Iowa 1970).

Defendant's other assignments involve questions not likely to recur on remand. Because of the error pointed out the case is

Reversed and remanded.