# IN THE COURT OF APPEALS OF IOWA

No. 15-0205
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRENT MICHAEL ULRICH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buena Vista County, Charles K. Borth, District Associate Judge.


        Defendant appeals his convictions for operating while intoxicated and carrying a firearm while under the influence.  **AFFIRMED.**


        Richard J. Bennett Sr. of Bennett Law Office, Des Moines, until his withdrawal, then Andrew J. Smith of Mack, Hansen, Gadd, Armstrong & Brown, P.C., Storm Lake, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Kyle Hanson, Assistant Attorney General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Defendant Brent Ulrich appeals his convictions for operating while intoxicated and carrying a firearm while under the influence. We find the court properly admitted evidence of Ulrich's statements against interest, and his convictions are supported by substantial evidence. Additionally, Ulrich has not shown he received ineffective assistance due to defense counsel's failure to file a motion for new trial, and the court did not abuse its discretion in sentencing Ulrich. We affirm.

## I.      Background Facts & Proceedings

On February 22, 2013, Brent Ulrich had dinner with his girlfriend, Nicole Vanek, and a friend, Laura Wheeler-Plantz, at his home. There was evidence they each had one alcoholic beverage. Kevin Davis called and asked them to come over to a gathering at his home. Ulrich drove Vanek and Wheeler-Plantz to a machine shed at Davis's home, where David Iehl and Jacob Frederick were already present. Alcoholic beverages were consumed by those at the gathering.

After a period of time, Ulrich, Davis, and Iehl decided to drive snowmobiles in a field next to the machine shed. Wheeler-Plantz was a passenger on Ulrich's snowmobile, and Vanek was a passenger on Davis's snowmobile. An accident occurred involving Ulrich's and Iehl's snowmobiles, and Wheeler-Plantz was injured. Ulrich telephoned 911, and officers responded to the call.

State Trooper Nicholas Erdmann testified he observed Ulrich "had watery, bloodshot eyes, and he smelled strongly of an alcoholic beverage." While Trooper Erdmann was talking to Ulrich inside the machine shed, Ulrich asked a

woman for a soda, and she returned with a red plastic cup which contained a beverage with a strong odor of whiskey,[1] but trooper Erdmann did not permit Ulrich to drink it. Ulrich told trooper Erdmann he had a concealed firearm on his person and had a permit for the weapon. Trooper Erdmann removed the firearm from Ulrich. Sergeant Marty De Muth testified Ulrich's "speech was slurred and mumbled and that there was a strong odor of an alcoholic substance emitting from his person."

Officer Scott Schunknecht testified Ulrich had slurred and mumbled speech, "watery eyes, bloodshot, very nervous, anxious." Officer Schunknecht conducted field sobriety tests. Ulrich failed the horizontal gaze nystagmus test, but passed the walk-and-turn and one-leg-stand tests. Officer Schunknecht took Ulrich to the sheriff's office. Ulrich called a friend on his cell phone and stated, "I'm going to be here until I'm sober," and stated he was going to do push-ups and sit-ups until he was sober. Moments later he vomited into a trashcan. Thirteen minutes after Ulrich vomited, he provided a breath test. At Ulrich's request, officer Schunknecht took Ulrich to the hospital for an independent blood test. He told the officer, "Sorry we have to do this, but I'm looking for every single loophole to get out of this." Wheeler-Plantz testified Ulrich later told her his blood test was above the legal limit.

Ulrich was charged with operating a snowmobile while intoxicated (OWI), first offense, in violation of Iowa Code section 321J.2 (2013), a serious misdemeanor; and carrying a firearm while under the influence, in violation of

---

[1] Vanek testified Ulrich asked her for a drink of water and she brought him water in a red plastic cup.

section 724.4C, an aggravated misdemeanor. Ulrich filed a motion to suppress, claiming officer Schunknecht had not waited a sufficient period of time after Ulrich vomited before performing the breath test. The district court granted the motion and determined the results of the breath test were inadmissible.

Ulrich filed a motion in limine claiming the State should not be able to introduce evidence of statements he made while in custody. He also filed a motion to suppress the testimony of Wheeler-Plantz concerning the results of his independent blood test. Ulrich claimed because the results of his breath test were inadmissible, all evidence flowing from the invocation of implied consent should be inadmissible. The district court concluded Ulrich's admission against interest concerning the result of the blood test was admissible. The court did not make a specific ruling on the other items in the motion in limine.

The case proceeded to a jury trial. The court found the videotapes of Ulrich's statements to a friend and his action of vomiting were admissible. The court overruled Ulrich's objections to the testimony of Wheeler-Plantz about the results of his blood test. Ulrich presented the testimony of Vanek, Davis, Iehl, and Frederick, who all testified Ulrich did not appear to be intoxicated. The jury returned a verdict finding Ulrich guilty of the charges against him.

Ulrich was sentenced to 365 days in jail on the OWI charge, with all but two days suspended. He was sentenced to two years in prison on the charge of carrying a firearm while intoxicated, with the sentence suspended. Ulrich was placed on probation for a period of two years. Ulrich appeals his convictions and sentences.

## II.    Admissibility of Evidence

Ulrich claims the district court erred in ruling his statements made during a telephone call with a friend, statements he made to officer Schunknecht, his statement to Wheeler-Plantz, and his action of vomiting were admissible. He states the results of his breath test were inadmissible, and therefore, all evidence flowing from the implied consent procedures must be suppressed as well. He claims none of this evidence would have developed but for the implied consent procedures.

We review evidentiary rulings for an abuse of discretion. *State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015). An abuse of discretion occurs "when the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

Ulrich relies upon the case of *State v. Jensen*, 216 N.W.2d 369, 372 (Iowa 1974), which discussed a previous statute requiring an officer to make a written request for a blood test, but if the blood test was refused, the officer was required to make a written request for a breath or urine test. Where an officer did not take the first step of making a written request for a blood test, the Iowa Supreme Court ruled "evidence of defendant's remarks about a blood test and evidence of taking the breath test" were inadmissible. *Jensen*, 216 N.W.2d at 372.

*Jensen* "construed and applied a statutory procedure which was subsequently changed by amendment of Iowa Code chapter 321B." *Heidemann v. Sweitzer*, 375 N.W.2d 665, 671 (Iowa 1985) (citing *State v. Janssen*, 247 N.W.2d 260, 261 (Iowa 1976) ("The amendment to the statute eliminated the

necessity of a written request for and refusal of a blood test as a prerequisite to a request for a different chemical test.")). As *Jensen* is based upon a statutory procedure which is no longer valid, we find no error in the district court's conclusion the holding in *Jensen* is not applicable in this case.

Additionally, we find no abuse of discretion in the district court's ruling the evidence in question did not arise from the improper breath test. Ulrich had a telephone conversation with his friend and vomited before the breath test was given. Therefore, this evidence did not flow from the implied consent procedures.

Ulrich also claims evidence of his independent blood test was more prejudicial than probative because the jury would have inferred he would not have had an independent blood test if he had not failed the breath test. The district court concluded, "the Defendant's unsolicited alleged admission arguably incriminating himself breaks any causal connection which may have existed between the tainted breath test results and the subsequent independent blood test results." We find the court did not abuse its discretion in denying Ulrich's motion to suppress and motion in limine with regard to his statement the results of the independent blood test were above the legal limit.[2]

---

[2]  The district court did not rule on the admissibility of Ulrich's statement to officer Schunknecht, "Sorry we have to do this, but I'm looking for every single loophole to get out of this," in the ruling on the motion in limine, and no objection was made to the statement during the trial. We conclude Ulrich has not preserved error on this issue. *See State v. Webster*, 865 N.W.2d 223, 242 (Iowa 2015) (finding defendant did not preserve error on his claims concerning the admissibility of evidence when the issue was raised for the first time in post-trial motions).

### III.     Sufficiency of the Evidence

Iowa Code section 321J.2(1) provides:

>    A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in any of the following conditions:
>    a.     While under the influence of an alcoholic beverage or other drug or a combination of such substances.
>    b.     While having an alcohol concentration of .08 or more.
>    c.     While any amount of a controlled substance is present in the person, as measured in the person's blood or urine.

Section 724.4C provides, "A permit issued under this chapter is invalid if the person to whom the permit is issued is intoxicated as provided in section 321J.2, subsection 1."     Both of the charges against Ulrich contain an element of intoxication.     Since Ulrich's breath test was deemed inadmissible, the State proceeded under a theory Ulrich was under the influence of an alcoholic beverage.

Ulrich claims there is not sufficient evidence in the record to support a finding he was under the influence of an alcoholic beverage.  He states none of the people who were at the gathering testified he showed signs of impairment before the snowmobile ride.  Davis stated he would not have permitted Ulrich to drive a snowmobile if he thought Ulrich was intoxicated.  Also, Wheeler-Plantz testified she would not have ridden on a snowmobile with Ulrich if he appeared to be impaired.  Ulrich claims his eyes were bloodshot and watery because he had been driving a snowmobile in cold weather without a helmet or goggles.

We review a district court ruling on a motion challenging the sufficiency of the evidence for the correction of errors at law.  *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014).  The Iowa Supreme Court has stated:

> In reviewing challenges to the sufficiency of the evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it.

*Id.* at 439-40.

A person's conduct and demeanor are important considerations in determining whether a person is "under the influence." *State v. Price*, 692 N.W.2d 1, 3 (Iowa 2005). A person is "under the influence" "when the consumption of alcohol affects the person's reasoning or mental ability, impairs a person's judgment, visibly excites a person's emotions, or causes a person to lose control of bodily functions." *State v. Hutton*, 796 N.W.2d 898, 904 (Iowa 2011).

We conclude there is substantial evidence in the record to support the jury's finding Ulrich was "under the influence" at the time he drove a snowmobile and carried a firearm. The testimony of the officers who arrived at the scene due to the snowmobile accident shows Ulrich "had watery, bloodshot eyes, and he smelled strongly of an alcoholic beverage," his "speech was slurred and mumbled," "there was a strong odor of an alcoholic substance emitting from his person," and Ulrich acted "very nervous, anxious." Additionally, there was evidence alcohol was being consumed at the gathering in the machine shed, and Ulrich failed the horizontal gaze nystagmus test. At the sheriff's office, he told a friend he would be there until he was sober. Also, Ulrich vomited, which could be a sign of loss of control of bodily functions. We will uphold a verdict if it is supported by substantial evidence. *Showens*, 845 N.W.2d at 439.

#### IV.     Ineffective Assistance

Ulrich claims he received ineffective assistance because defense counsel did not file a motion for new trial.  He asserts his convictions are contrary to the weight of the evidence, and if a motion for new trial had been filed it would have been granted.

We review claims of ineffective assistance of counsel de novo.  *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).  To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial.  *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).  A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

A motion for new trial should be granted when a verdict is contrary to the weight of the evidence.  *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).  "A verdict is contrary to the weight of the evidence where 'a greater amount of credible evidence supports one side of an issue or cause than the other.'"  *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (citation omitted).  "Except in the extraordinary case where the evidence preponderates heavily against the verdict, trial courts should not lessen the jury's role as the primary trier of facts and invoke their power to grant a new trial."  *Id.*

On our de novo review, we conclude the jury's verdicts in this case are not contrary to the weight of the evidence.  This is not an extraordinary case where the evidence preponderates heavily against the verdict.  Ulrich has not shown a

motion for new trial would have been granted if such a motion had been made. We conclude he has not shown he received ineffective assistance of counsel. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (finding we will not find counsel breached a duty by failing to pursue a meritless issue).

## V.    Sentencing

Finally, Ulrich claims the district court abused its discretion by refusing to grant him deferred judgments on his convictions.  He points out he was twenty-nine years old; operated an auctioneering business and a commercial sign company; had no criminal record, other than a speeding ticket; had graduated from high school; and had completed vocational training in auctioneering and horseshoeing.

A district court's decision to impose a sentence within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008).  An abuse of discretion occurs only when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

At the sentencing hearing, the district court stated:

> In this case one of the crimes certainly involved a gun, for which the Defendant apparently had a permit, which was invalidated due to the fact that the Defendant was found to be intoxicated.  The Court finds that certainly an unsafe situation regardless of what the Defendant's intent was for having the gun on him.  The court does not believe that a deferred judgment would be appropriate here. The Defendant certainly does not have a lengthy criminal history. Considering the nature of the offenses, the Court believes that a

conviction on the record is the most appropriate outcome in this matter.

The court did not consider inappropriate factors or abuse its discretion in denying Ulrich's request for a deferred judgment. The court considered all of the factors in the case and determined Ulrich should receive suspended sentences, except for two days in jail.

We affirm Ulrich's convictions and sentences.

**AFFIRMED.**