# IN THE COURT OF APPEALS OF IOWA

No. 19-1114
Filed October 7, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSICA ELVINS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Gregory W. Steensland, Judge.

Jessica Elvins appeals her conviction for willful injury causing serious injury. **AFFIRMED**.

Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

A Pottawattamie County jury found Jessica Elvins guilty of willful injury causing serious injury. On appeal, Elvins argues the trial court erred in denying her motion for acquittal, her counsel was ineffective for failing to raise the issue of identification, and the court abused its discretion in denying her request for a pretrial immunity hearing. Because Elvins's sufficiency-of-the-evidence claim was not preserved, she failed to establish her counsel was ineffective, and the trial court did not err in denying her motion for immunity, we affirm.

## I.      Back Ground & Proceedings

Jessica Elvins resided in a Council Bluffs home with Tammy Smart; Smart's boyfriend, A.B.; Smart's brother, T.C.; and Smart's sister, K.C. Elvins rented an upstairs bedroom in the home. On December 13, 2018, Elvins and Smart engaged in a heated argument concerning Elvins's plans to move out of the house. The argument began in the office on the main floor of the home. The argument proceeded to the kitchen, where it escalated and became physical. Elvins pushed Smart, and Smart threw a cup at the wall. Elvins went upstairs to her bedroom and closed the door. Shortly after, Smart followed and pounded on the door to Elvins's bedroom.[1] Smart entered the bedroom, where Elvins was sitting on her bed. Elvins used one of several guns located in her bedroom to fire a shot, striking Smart in the face. T.C. and K.C. responded to Smart's screams for help and came from downstairs to provide aid. Elvins called 911 and told responding officers that she had shot Smart.

---

[1] Elvins testified that she warned Smart not to come into her room or she would shoot her. However, Smart testified that Elvins said nothing before shooting her.

Elvins was charged in a three-count trial information with attempted murder in violation of Iowa Code sections 707.1 and 707.11 (2018), willful injury causing serious injury in violation of Iowa Code section 708.4(1), and going armed with intent in violation of Iowa Code section 708.8. A jury trial was held, and the jury returned a verdict of guilty on the count of willful injury causing serious injury. Elvins was sentenced to a term of incarceration not to exceed ten years. Elvins appeals her conviction.

## II.    Discussion

### A.    Judgment of Acquittal

At the close of the State's case-in-chief, Elvins moved for a judgment of acquittal. In her motion, Elvins argued, first, regarding the count of going armed with intent, the State had failed to present sufficient evidence to prove Elvins carried her firearm from one place to another. The State stipulated to dismissing the going-armed-with-intent count. Second, Elvins argued she be acquitted on all counts because she acted with justification. Third, Elvins argued there is insufficient evidence for the jury to find she had the specific intent to kill, an element necessary to prove the count of attempt to commit murder. The court denied the motion finding the State had met its burden. At the close of all evidence, Elvins renewed her motion on the same grounds. The trial court again denied the motion.

For the first time on appeal, Elvins argues that,

> The Defendant was not identified as the person in the courtroom standing trial in the State's case in chief. After the State closed its case, the Court, on its own motion should have moved for a judgment of acquittal, as there was insufficient evidence to sustain a conviction as no jury could have reasonably found that the Defendant had been properly identified.

"To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Elvins did not raise the issue of identity in her motion of acquittal at trial; error was thus not preserved. Elvins attempts to overcome the preservation issue by citing Iowa Rule of Criminal Procedure 2.19(8) for the proposition that the court should have on its own motion, ordered the entry of judgment of acquittal. However, the court in this case had no such duty, and such argument does not preserve error. "A party cannot effectively challenge the sufficiency of the evidence for the first time on appeal. This situation is not affected by the trial court's right under Iowa R. Crim. P. [2.19(8)] to order acquittal on its own motion." *State v. Dickerson*, 313 N.W.2d 526, 529 (Iowa 1981). We find the claimed error was not preserved and do not review it.

**B.    Ineffective Counsel**

Elvins asserts that her trial counsel was ineffective for failing to raise the issue of identification in making her motion for judgment of acquittal.[2]

---

[2] Elvins's judgment of conviction and sentence was entered prior to the July 1, 2019, effective date of the 2019 amendment to Iowa Code section 814.7 (2019), which eliminates a criminal defendant's ability to pursue an ineffective-assistance-of-counsel claim on direct appeal. As such, we can address such as part of the direct appeal.

### 1. Error Preservation

Elvins did not raise the issue of identification at trial, and thus, error was not properly preserved for direct appeal. However, "[t]he failure of trial counsel to preserve error at trial can support an ineffective-assistance-of-counsel claim." *Truesdell*, 679 N.W.2d at 615–16. While ineffective-assistance-of-counsel claims are typically reserved for postconviction relief proceedings, they may be addressed on direct appeal if there is sufficient record to decide the issue. Iowa Code § 814.7(1)-(2); *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). "A claim of ineffective assistance of trial counsel based on the failure of counsel to raise a claim of insufficient evidence to support a conviction is a matter that normally can be decided on direct appeal." *Truesdell*, 679 N.W.2d at 616. Upon review, we find the record sufficient to address Elvins's claim.

### 2. Standard of Review

We review sufficiency of the evidence claims for corrections at law. Iowa R. App. P. 6.907; *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997). We review ineffective-assistance-of-counsel claims de novo. *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). To establish an ineffective-assistance-of-counsel claim requires the defendant to show by a preponderance of the evidence that: (1) trial counsel failed to perform an essential duty, and (2) the failure resulted in prejudice. *Id.*; *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to prove either prong is fatal to an ineffective-assistance-of-counsel claim. *Tompkins*, 859 N.W.2d at 637.

Under the first prong, "[w]e begin with the presumption that the attorney performed competently." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001).

We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019)(citation omitted). A defendant must rebut the presumption by proving trial counsel "perform[ed] below the standard demanded of a reasonably competent attorney." *Id.* (citation omitted). "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 165, 171 (Iowa 2011). Under the second prong, to establish prejudice, "a defendant must show a reasonable probability that the result of the trial would have been different." *State v. Ambrose*, 862 N.W.2d 550, 557 (Iowa 2015). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

If the record reveals there was insufficient evidence to prove Elvins, as the defendant in the courtroom, was the person who committed the charged offense, counsel was ineffective for failing to raise the issue. *See Brubaker*, 805 N.W.2d at 171–74. However, if the record contained substantial evidence to prove the defendant in the courtroom was the same person who shot Smart, raising the issue would have been meritless and counsel did not breach an essential duty by failing to do so. *See id.*

### 3. Essential Duty

On appeal, Elvins argues,

During the trial, the State failed to identify the Defendant. The record is absent of any instance where the State has a witness provide evidence that the person sitting at counsel table was the same person who committed the charge[d] offenses. The record is also absent of any stipulation by the parties as to the identity of the Defendant.

"Identity is an element of a criminal offense which the State must prove beyond a reasonable doubt.  For this reason, witnesses are permitted to point out the accused as the person who committed a crime."  *State v. Jensen*, 216 N.W.2d 369, 374 (Iowa 1974) (citation omitted).  However, "such a procedure is not necessary to make out a jury question on identification.  Identification of a defendant may be implicit or inherent in a record."  *Id.* at 375.

In this case, the record contained ample evidence to establish the person in the courtroom was the person who shot Smart.  The State called multiple witnesses who referred to the person who shot Smart as Jessica Elvins, the defendant.  *See State v. Kardell*, No. 09-1859, 2011 WL 441961, at *8 (Iowa Ct. App. Feb. 9, 2011) ("A witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." (quoting *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995))).  Over no objection, the State introduced into evidence a photo of Elvins taken by a crime scene investigator on the night in question.  Smart identified the person depicted as Elvins and then referred to her as the defendant.  Responding Officer Jackie Holzer testified that Elvins told her that she shot Smart and referred to Elvins as the defendant.  Both T.C. and K.C. referred to Elvins as the defendant and the person they witnessed in their home on December 13.  "The failure of any witnesses to point out that the wrong person has been brought to trial can also be eloquent and sufficient proof of identity."  *Id.* at *9 (citation omitted).

Additionally, Elvins's attorney referred to the person who shot Smart as Jessica Elvins during cross-examination and throughout the trial.  "In-court

identification is not necessary when the defendant's attorney himself identifies his client at trial." *Id.* (citation omitted). Substantial evidence existed at the close of the State's case-in-chief for the jury to infer Elvins was the person who shot Smart. *See State v. Mason*, No. 10-1321, 2011 WL 2419787, at *5 (Iowa Ct. App. June 15, 2011) (finding defendant was not surprised or unfairly prejudiced by reopening the record to allow for an in-court identification because "[t]he record contains more than enough evidence to allow the jury to infer the defendant Scott Mason present in the courtroom was the Scott Mason that [the witnesses] testified about," and noting "that defense counsel's statements inferred his client was the defendant Scott Mason, and Mason himself never objected that the wrong person had been brought to trial").

Further, Elvins never disputed that she shot Smart. Elvins testified at trial and put forth an affirmative defense of justification. In her testimony, Elvins stated her name was Jessica Ann Elvins. She explained how she met and eventually moved in with Smart. She described the events of December 13, including her initial argument with Smart, and how, after Smart entered her room, she shot Smart, stating, "[a]nd then I fired one, and then [Smart] stopped." "It is elementary that admissions made in the course of judicial proceedings are substituted for and dispense with actual proof of facts." *State v. Wilson*, 144 N.W. 47, 53 (Iowa 1913).

When the defendant testifies to doing the act charged, it is sufficient proof that the person sitting at counsel table is the same person who committed the charged offense. At the close of all evidence, substantial evidence existed identifying the defendant as Jessica Elvins and as the person who shot Smart. *See Kardell*, No. 09-1859, 2011 WL 441961, at *10 (explaining "proper identity can

be inferred when the defendant does not complain the wrong person has been brought to trial," and stating "[t]he fact defendant Kardell subjected himself to extensive pretrial proceedings, a four-day trial, and the expense of hiring an expert witness allows the district court to reasonably infer the correct Derek Kardell was on trial" (citation omitted)).

Because the evidence presented at trial was sufficient for the jury to infer that the defendant was, in fact, Jessica Elvins, counsel did not have a duty to raise the issue, as it would be meritless. *See Truesdell*, 679 N.W.2d at 615–16. Elvins has not proven her trial counsel breached an essential duty. *See Brubaker*, 805 N.W.2d at 171; *Tompkins*, 859 N.W.2d at 637–38. We find Elvins has not satisfied the first prong of her ineffective-assistance-of-counsel claim, and we need not address it any further.[3] *Tompkins*, 859 N.W.2d at 637.

### C. Immunity

Elvins argues the district court erred in denying her pretrial motion for immunity. We review rulings on questions of statutory interpretation for correction of errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018).

Before trial, Elvins filed a motion to enforce immunity pursuant to Iowa Code section 704.13, Iowa's recently enacted stand-your-ground law, which provides:

> A person who is justified in using reasonable force against an aggressor in defense of oneself, another person, or property pursuant to section 704.4 is immune from criminal or civil liability for all damages incurred by the aggressor pursuant to the application of reasonable force.

---

[3] Because raising the issue of identity would have been meritless, Elvins cannot have been prejudiced by counsel failing to do so. Had the issue been raised in her motion for judgment of acquittal, the trial court's denial would remain unchanged as there was sufficient evidence presented for the jury to infer that the defendant in the courtroom was the Jessica Elvins who shot Smart.

At the time of the hearing, the Iowa Supreme Court had not yet interpreted section 704.13. The trial court attempted to interpret the statute and found significant that the legislature did not provide a pretrial procedural mechanism nor use the term "immunity from prosecution." The trial court denied the motion.

Subsequent to Elvins's trial, the supreme court decided *State v. Wilson*, 941 N.W.2d 579 (Iowa 2020). In *Wilson*, the court interpreted section 704.13 and found that the "legislation does not require pretrial hearings." 941 N.W.2d at 581. "Significantly, section 704.13 provides an immunity from 'liability,' not an immunity from 'prosecution' as in some other states with stand-your-ground laws." *Id.* The court held Wilson, "had no right to a pretrial hearing on justification." *Id.* at 590. We consequently hold that the trial court was correct in denying Elvins's motion to enforce immunity. Based on recent directive from the supreme court set out in *Wilson,* we find no error in the trial court's denial of Elvins's motion to enforce immunity under Iowa Code section 704.13.

### III.    Conclusion

Elvins's sufficiency of the evidence claim is not preserved, she has failed to establish her counsel was ineffective, and the trial court did not err in denying her motion for immunity. Consequently, we affirm her conviction.

**AFFIRMED.**