# IN THE COURT OF APPEALS OF IOWA

No. 24-1286
Filed August 20, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DESHAWN ARMAL WASHINGTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

A defendant appeals his convictions for second-degree murder and felon in possession of a firearm. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ. Telleen, S.J., takes no part.

**TABOR, Chief Judge.**

A jury convicted Deshawn Washington of second-degree murder and felon in possession of a firearm. Washington appeals, contending the State failed to prove he shot and killed Andre Clanton. Finding substantial evidence in the record that Washington was the shooter and that he possessed a firearm as a prohibited person, we affirm.

## I. Facts and Prior Proceedings

Washington's friend, Shakela, invited Washington and his brother, Donald, to her home in the early morning hours on a weekend in May 2023.[1] She had known the brothers since she was a teenager. While they were hanging out inside, a car pulled up to the house. Shakela told her guests that Andre, the father of her child, had unexpectedly shown up. She asked the brothers to hide and quiet down.

Andre came to the front door and started knocking. Washington laughed, alerting Andre that someone other than Shakela was inside. Shakela urged the brothers to leave through the back door. As they sneaked out the back, she invited Andre in the front door. After scouring the house for whomever he heard laughing, Andre stepped back onto the front porch. From just inside the front door, Shakela watched as Andre paused at the end of the porch.

Meanwhile, Shakela's mother, Temika, was asleep upstairs. She came down when she "heard banging on the door." Once downstairs, Temika saw Andre and Shakela talking in the doorway. After Andre stepped onto the porch, Temika

---

[1] Since they share a last name, we will call the defendant Washington and use his brother's first name.

followed. From this vantage point, Temika saw the brothers come around the side of the house. Andre asked, "What [are] you all doing here?"

Then, without warning, one brother drew a handgun and shot Andre in the head, killing him. The brothers fled the scene in a gold Dodge Journey—the shooter in the driver's seat. Distraught, Shakela called 911 and handed the phone to Temika, who spoke with a dispatcher until first responders arrived.

In the following days, law enforcement worked to identify and locate the shooter.[2] Shakela and Temika provided similar accounts of the shooting.[3] Surveillance footage showed a gold Dodge Journey leaving the neighborhood after the shooting and traveling across Davenport into Rock Island, Illinois. Police later discovered the same vehicle parked outside a residence associated with Washington in Rock Island. They arrested Washington and executed a search warrant at that residence.

After his arrest, Davenport police searched Washington's cell phone and online accounts.[4] Location data from Washington's phone showed him travelling from Rock Island to Shakela's house in Davenport shortly before four o'clock on the morning of the shooting. The search of Washington's phone also revealed "a

---

[2] Investigators never found the gun, bullet, or shell casing used in the shooting. Police collected Shakela's 9-millimeter handgun, which was hidden between the couch cushions in her living room, as evidence. But that gun was unloaded, and the magazine was in her vehicle parked in the driveway.

[3] Detectives also interviewed Donald. He denied "knowing anyone named Deshawn" and did not provide any information about the shooting.

[4] Police also searched Donald's cell phone. That search revealed a Snapchat video of Donald brandishing a loaded .380 caliber Glock handgun inside a car and messages indicating that the brothers were together the morning of the shooting.

gap in data generated by the phone between 5:00 and 11:30" that morning.[5] Shortly after that, Washington searched "shooting in Davenport" on a private online search engine. Police also reviewed Facebook messages between Shakela and Washington from around the time of the shooting. In a Facebook message exchange the day after the shooting, Shakela asked Washington, "Why did you shoot him??" He responded: "Innocent." He also wrote: "They're on the wrong Shawn."[6]

The State charged Washington with first-degree murder, a class "A" felony, in violation of Iowa Code section 707.2 (2023) and felon in possession of a firearm, a class "D" felony with a habitual-offender enhancement, in violation of sections 724.26(1) and 902.8. He pleaded not guilty.

At trial, Shakela identified Washington as the shooter. She testified that she "heard the shot, saw Andre fall, and Shawn putting the gun back in his pocket." She also testified that Shawn was "bigger" than Donald. Temika—who wasn't familiar with the brothers—identified "the taller guy" as the shooter.

The jury found Washington guilty of the firearm-possession count and the lesser offense of second-degree murder, a class "B" felony, in violation of Iowa Code section 707.3. The district court sentenced him to an indeterminate fifty-year prison term with a thirty-five-year mandatory minimum for the murder count and an indeterminate fifteen-year prison term with a three-year mandatory minimum for

---

[5] A detective testified that Washington's "phone being off" or "being in airplane mode" were possible explanations for the "gap in data" during that timeframe. Dispatchers received the 911 call from Shakela and Temika at 4:57 a.m.
[6] DeShawn Washington is known as Shawn.

the firearm-possession count. The sentences are to run consecutively. Washington appeals.

## II. Scope and Standard of Review

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). We consider "whether, taken in the light most favorable to the State, the finding of guilt is supported by substantial evidence in the record." *Id.* (citation omitted). Evidence is substantial if it "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted). "We draw all fair and reasonable inferences that may be deduced from the evidence in the record." *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011). Evidence that rises only to suspicion, speculation, or conjecture is not enough. *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992).

## III. Analysis

To convict Washington of second-degree murder, the State had to prove:

> 1. On or about May 21, 2023, [Washington] shot Andre Clanton.
> 2. Andre Clanton died as a result of being shot.
> 3. [Washington] acted with malice aforethought.

And to convict Washington of felon in possession of a firearm, the State had to prove:

> 1. On or about May 21, 2023, [Washington] knowingly possessed or had under his dominion and control a firearm.
> 2. [Washington] was prohibited from possessing a firearm.

The parties stipulated that Washington was prohibited from possessing a firearm.

Washington challenges the State's proof of his identity for both offenses. "Identity is an element of a criminal offense which the State must prove beyond a reasonable doubt." *State v. Jensen*, 216 N.W.2d 369, 374 (Iowa 1974). Washington concedes that the State presented substantial evidence placing him and Donald at Shakela's house at the time of the shooting. But he argues that "the evidence did not conclusively establish" he shot and killed Andre. He questions the credibility of Shakela's testimony identifying him as the shooter, emphasizing minor inconsistencies between Shakela's and Temika's versions of events. He also suggests that "Shakela had a reason to place the blame on" him for the shooting. And he contends that Temika "could not specifically identify the shooter." But he acknowledges that Temika identified the "taller" brother as the gunman, and the State presented evidence which "suggested that [Washington] was taller than his brother Donald."[7]

Washington's appellate arguments are aimed at persuading jurors, who are charged with judging witness credibility and deciding the weight to give certain evidence. *See State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984) ("[T]he jury is at liberty to believe or disbelieve the testimony of witnesses as it chooses and give such weight to the evidence as in its judgment the evidence was entitled to receive." (internal citations omitted)). But in reviewing sufficiency challenges, it is not our role "to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence." *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (citation omitted).

---

[7] In addition to Shakela's testimony that Washington was "bigger" than Donald, the State presented photos of the two brothers showing the differences in their builds.

Viewing the record in the light most favorable to the State, substantial evidence supports the jury's finding that Washington shot Andre. The State's evidence went well beyond speculation, suspicion, or conjecture. In making its case, the State presented both direct evidence in the form of eyewitness testimony and circumstantial evidence, including incriminating activity on Washington's cell phone. That evidence would allow a rational jury to conclude beyond a reasonable doubt that he was the shooter. We likewise identify sufficient evidence supporting his firearm-possession conviction. So we affirm on both counts.

**AFFIRMED.**